**CITY OF WAHPETON, Plaintiff and Appellee,**

v.

**Kenneth SKOOG, Defendant and Appellant.**

Crim. No. 707-A.

Supreme Court of North Dakota.

July 17, 1980.

Steven J. Lies, Asst. City Atty., Wahpeton, for plaintiff and appellee.

A. W. Stokes, of Johnson, Milloy, Johnson & Stokes, Wahpeton, for defendant and appellant.

VANDE WALLE, Justice.

The City of Wahpeton ("City") moved to dismiss an appeal filed by Kenneth Skoog ("Skoog") from a judgment of conviction of operating a motor vehicle while under the influence of an intoxicating liquor entered by the Richland County court of increased jurisdiction. The City's motion to dismiss the appeal is held in abeyance pending the filing of a transcript of the proceedings by Skoog.

Skoog was convicted in Wahpeton municipal court of driving while under the influence of an intoxicating liquor and appealed to the Richland County court of increased jurisdiction.[1] Prior to trial in county court Skoog filed a motion to suppress certain evidence, which was denied. He then filed an appeal from the order denying the suppression motion but that appeal was dismissed pursuant to an agreement for voluntary dismissal executed by counsel for the City and for Skoog.[2] After trial in Richland County court Skoog was convicted of the offense. Skoog then filed the appeal which is the subject of the City's motion to dismiss before this court.

The City's motion to dismiss is based on Skoog's failure to order a transcript of the trial proceedings after the City had refused to stipulate to exclude from the record any portion of the transcript which was part of the City's case; Skoog's failure to file proof of service of the order for transcript with the notice of appeal; and Skoog's failure to serve and file an appendix to his brief on appeal.

The City's motion to dismiss the appeal included an affidavit of the City's counsel stating that he had never been served with or received a copy of the transcript of the trial proceedings and an affidavit from the court reporter indicating that she had never been served with or in any way received an order for a transcript of the proceedings in Richland County court, in which Skoog was convicted. The City also filed a copy of a letter addressed by counsel for the City to Skoog's counsel, which stated:

"Please be advised that in response to your telephone call yesterday, the City will not be willing to stipulate to the submission of only the Affidavit filed in this matter.

"The City is willing to stipulate to a partial transcript, that being one including all the testimony and evidence submitted by the City in this matter.

"The reason for this is simply that we feel that even if Mr. Skoog were to avail on the issue, to quote from yourself in final argument, the evidence is 'overwhelming' and we do not feel that Mr. Skoog would ever be granted a new trial."

Subsequent to the filing of the City's motion to dismiss the appeal, Skoog did file an appendix to his brief with an accompanying letter from his counsel stating:

". . . We did not feel that one [Appendix] was necessary as the Court does have the original of the motion and judgment at its disposal. We felt no need to order any part of the transcript as our

---

1. See Section 40–18–19, N.D.C.C.

2. We were informed at oral argument on this motion that the voluntary dismissal was exe-

cuted because the order denying the motion to suppress was not an appealable order.

entire appeal is based on the denial of the motion."

■ Skoog's reasoning with regard to the necessity of an appendix is specious. In most instances this court has available in the record of the case the originals of the pleadings. Rule 10(a), N.D.R.App.P., specifies that the "original papers and exhibits filed in the trial court, three copies of the transcript of proceedings, if any, and a certified copy of the docket entries . . . shall constitute the record on appeal *in all cases*." [Emphasis ours.] If we were to accept Skoog's rationale there would seldom be any necessity for the appellant to file an appendix because the court has available to it the original documents in the record. But Rule 30, N.D.R.App.P., which requires the filing of an appendix by the appellant, *does not limit that requirement to only those appeals in which the relevant documents are not part of the record.* If Skoog believed an appendix was not necessary he should have filed a motion with this court to permit the appeal to be heard on the original record. Rule 30(f), N.D.R.App.P. No such motion was filed.

■ With regard to the transcript of the proceedings, Rule 10(b), N.D.R.App.P., provides, in part:

"If an appeal is taken in a case in which any evidentiary hearing was held, it is the duty of the appellant to order a transcript of the proceedings. . . .
The order must be served on the reporter and must be for a complete transcript of the proceedings, unless a stipulation is obtained from all affected parties specifying portions which are not required for the purposes of the appeal. . . .
Proof of service of the order for transcript . . . must be filed with the clerk of the trial court with the notice of appeal. . . ."

Skoog does not contend that he ordered the transcript of the trial proceedings but, rather, argues that the transcript is not necessary inasmuch as the only issue raised

on appeal was the trial court's denial of his motion to suppress certain evidence. We agree that Skoog may, on appeal, raise as an issue the trial court's denial of his motion to suppress. We do not, however, agree that it is the only issue on appeal. Skoog's notice of appeal reads as follows:

"NOTICE IS HEREBY GIVEN, that Kenneth Skoog, defendant above-named, hereby appeals to the Supreme Court of the State of North Dakota *from the Judgment of conviction* of driving while under the influence of an alcoholic beverage entered in this action on the 19th day of March, 1980." [Emphasis supplied.]

Thus Skoog has appealed from the judgment of conviction and, presumably, the order denying the motion to suppress is one of the issues he will raise in the appeal. However, were we, on the appeal on the merits, to reverse the order denying the motion to suppress without reversing the judgment of conviction, we assume Skoog would urge that we should also have reversed the judgment of conviction because he has appealed from that judgment.

The City has argued that if, on the appeal on the merits, we were to reverse the order denying the motion to suppress,[3] the remaining evidence against Skoog is so overwhelming that we could not reverse the judgment of conviction itself. That, of course, is a matter which we do not decide today. However, the City's position is that in order to review the remaining evidence a transcript of the proceedings at trial is necessary. We agree. Rule 52(a), N.D.R. Crim.P., provides that: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." But, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710–711 (1967). We have recognized these requirements previously. See, e.g., *In Interest of M. D. J.*, 285

---

3. The City has not conceded that the order denying the motion to suppress should be reversed.

N.W.2d 558 (N.D. 1979); *State v. Entze*, 272 N.W.2d 292 (N.D. 1978). Skoog may wish to raise only the issue of whether or not the trial court erred in denying his motion to suppress certain evidence. But our review on the appeal on the merits will include more than that issue. If we find the order denying the motion to suppress should be reversed, we must decide whether or not the error in admitting that evidence requires us to also reverse the judgment of conviction under Rule 52(a), N.D.R.Crim.P., and the *Chapman* rationale. There is no doubt that a transcript of the trial proceedings is necessary to accomplish our review. Skoog should have secured that transcript for his appeal from the judgment of conviction in accordance with Rule 10(b), N.D.R. App.P.

■ Although we conclude Skoog should have secured the transcript for his appeal from the judgment of conviction in accordance with Rule 10(b), N.D.R.App.P., his failure to do so does not necessarily require us to grant the City's motion to dismiss the appeal. If the appellant fails to follow any of the steps required by the rules in taking the appeal, Rule 3(a), N.D.R.App.P., authorizes us to take any action we deem appropriate, including dismissal of the appeal. See *State v. Packineau*, 270 N.W.2d 336 (N.D. 1978); *Gerhardt v. Fleck*, 251 N.W.2d 764 (N.D. 1977). Because it is apparent that Skoog believed, although wrongly, that he could take the present appeal without filing a transcript of the proceedings at trial, we do not conclude dismissal of the appeal at this time is warranted. Skoog has complied with the other requirements of the appellate rules, including the filing of his brief and appendix on the merits of the appeal.

We order that Skoog file a transcript of the proceedings at trial, in accordance with the provisions of Rule 10, N.D.R.App.P., within 30 days from the date of this opinion. If he fails to do so within that time or within such extension of time as may be allowed by this court, the appeal will be dismissed. The City is allowed 30 days from the date of filing of the transcript to file its brief on the merits. To compensate the City for costs and time spent in presenting and arguing this motion, we assess costs of $200 against Skoog.

Motion to dismiss held in abeyance.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.