**Abe OWAN, Plaintiff and Appellee,**

v.

**Floyd KINDEL, Defendant
and Appellant.**

**Civ. No. 10531.**

Supreme Court of North Dakota.

April 24, 1984.

Anseth & Zander, Williston, submitted brief for plaintiff and appellee.

Floyd Kindel, Williston, submitted brief pro se.

SAND, Justice.

Floyd Kindel appealed from a judgment [1] against himself, Delores Kindel and Howard Kindel, in the sum of $4,229.68, plus interest in the sum of $596.02, in favor of Abe Owan.

Owan brought an action against Kindels alleging that on 25 March 1981 they en-

---

1. The basic action and judgment was against Floyd Kindel, Delores Kindel and Howard Kindel, but according to the notice of appeal only Floyd Kindel appealed.

tered into a contract with him for the purchase of land with a building located thereon for the sum of $81,588.00. Owan alleged that Kindels tendered $75,283.32, leaving a balance of $6,304.68. Owan demanded judgment for that amount.

Kindels answered and counterclaimed alleging that the contract price was $75,283.32 and that Owan had changed the selling price to $81,588.00. Kindels claimed that they tendered $75,283.32 to Owan with the oral agreement that they would pay $6,304.68 when the building was completed and certain maintenance matters were performed. Kindels further alleged that three months after the contract had been signed nothing further had been done. Kindels subsequently told Owan that he was not entitled to any further payment. Kindels prayed for $6,700.00 in compensatory damages for work not completed and $500,000.00 in punitive damages for attempting to defraud Kindels of money not due and owing, and for damaging their reputation.

The court, sitting without a jury, and after hearing the evidence, together with exhibits, made the following findings of fact:

"I.

"That the Plaintiff and Defendant entered into a contract for the sale of property in the sum of Eighty-one Thousand Five Hundred Eighty-eight and no/hundreths ($81,588.00) Dollars. That the Defendants on or about the 25th day of March 1981, paid the Plaintiff Seventy-five Thousand Two Hundred Eighty-three and thirty-two hundredths ($75,283.32) Dollars, leaving a balance due and owing of Six Thousand Three Four [sic]· and sixty-eight/hundreths ($6,304.68) Dollars.

"II.

"That the Defendants are entitled to an off-set of One Thousand Six Hundred Seventy-five and no/hundredths ($1,675.00) Dollars, which is the reasonable cost of the heating system that was to be supplied by the Defendant.

"III.

"That the Defendants are entitled to a further off-set of Four Hundred and no/hundredths ($400.00) Dollars for the cancellation of a public sale, because of power failure caused by the plaintiff.

"IV.

"That there is no showing of any misrepresentation on the part of Abe Owan, or [sic] was there any conduct on the part of Abe Owan which was improper which would cause the Defendants or induce the Defendants to sign any contract.

"V.

"That there was no duress, menace, undue influence, misconduct, lack of consent, failure to perform, estoppel, coercion, and recision between the Plaintiff and Defendants in this action."

The court concluded that Owan was entitled to judgment against the Kindels in the sum of $4,229.68 plus interest, and ordered judgment accordingly. Only Floyd Kindel appealed.

This is a case in which Rule 52(a), North Dakota Rules of Civil Procedure, is controlling. Our Court on numerous occasions has stated that the appellant has the burden to establish and give reasons why the findings of fact are clearly erroneous. Rule 52(a), NDRCivP, provides in part:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

A trial court's findings of fact are clearly erroneous when, although there is some evidence to support them, the reviewing court from the entire evidence is left with a definite and firm conviction that a mistake has been made. *American Mutual Life Insurance Company v. Jordan,*

315 N.W.2d 290, 294–95 (N.D.1982). The mere fact that the appellate court might have viewed the facts differently if it had been the initial trier of the case does not entitle it to reverse the lower court. *Ibid.* A choice between two permissible views of the weight of the evidence is not clearly erroneous. *Id.*

 Owan noted that Kindel failed to file the required bond on appeal and cited *Community Hospital v. Olson,* 246 N.W.2d 91 (N.D.1976), for the proposition that Kindel's failure constitutes grounds for such action as this Court deems appropriate, including dismissal. Owan also noted that Kindel failed to transmit the trial transcript as required under Rule 10, North Dakota Rules of Appellate Procedure, and that under NDRAppP 3(a) this Court may take such action as it deems appropriate, including dismissal. Kindel stated in his reply brief "the transcript would not have been much help to the Court as all documents were sent." We assume that Kindel's reference to "all documents" meant the record of the case. Kindel also stated that sending the transcript would have been "an extra expense," but that he "would have furnished [the transcript] if called upon." Generally, except as provided by the rules of procedure, this Court does not request the filing of a transcript. See *City of Wahpeton v. Skoog,* 295 N.W.2d 313, 315 (N.D.1980), in which a motion to dismiss was made for failure to provide a transcript, but in the instant case there was no motion to dismiss.

Owan stated in his brief that he had moved for dismissal of the appeal on both of the above grounds, but our records do not disclose that he made such a motion. This Court is reluctant to dismiss an appeal sua sponte on the non-jurisdictional grounds stated by Owan. Rather, we take the position that a party assumes the consequences or risk and, as a result, may fail in the appeal by not filing the proper documents, including the transcript. In this instance the failure to file the transcript leaves this Court with no significant alternative but to assume that the findings of fact made by the trial court are supported by the evidence. The burden is upon the appellant to call to the attention of this Court the lack of or the evidence which makes the findings erroneous. *See First National Bank of Hettinger v. Clark,* 332 N.W.2d 264 (N.D.1983). The *Clark* case involved a summary judgment. However, the basic concept pertaining to the duty and responsibility of the appellant nevertheless applies to the instant case. Kindel failed to meet this burden. We generally do not decide whether or not a transcript of the trial should have been made available on appeal. This is basically the responsibility of the parties. The party contending that the trial court's findings are erroneous must present and point out evidence in the record supporting the contention. Failure to provide a transcript may prevent a party from being successful on appeal. This is such a case.

Kindel failed to establish that the findings of fact were clearly erroneous and we therefore accept them and the conclusions of law based thereon.

The judgment is affirmed. Costs on appeal to be assessed only against the appellant, Floyd Kindel.

ERICKSTAD, C.J., and VANDE WALLE, PEDERSON and GIERKE, JJ., concur.