Michael CULLEN and Arlene Cullen, Plaintiffs and Appellants,

v.

WILLIAMS COUNTY, a political subdivision, Defendant,

and

Jim Florey, d/b/a Bee Line Repair Service, Defendant and Appellee.

Civ. No. 880218.

Supreme Court of North Dakota.

Sept. 26, 1989.

Fintan L. Dooley (argued), and Daniel J. Chapman (argued), of Chapman & Chapman, Bismarck, for plaintiffs and appellants.

Pringle & Herigstad, P.C., Minot, for defendant and appellee; argued by Mitchell H. Mahoney.

GIERKE, Justice.

Michael and Arlene Cullen appeal from a district court order denying their motion for a new trial and for sanctions against defense counsel. We affirm.

Michael Cullen was injured on September 13, 1982, when the school bus he was driving collided with an oil tanker truck. Cullen and his wife commenced this action against Williams County for negligent design and maintenance of the roadway and against Jim Florey for negligent repair of the school bus. The issues of liability and damages were bifurcated by stipulation of the parties.

A jury found no negligence on the part of the County or Florey, and the court

entered judgment dismissing the Cullens' action. The Cullens moved for a new trial and for sanctions against Florey's trial attorney. The trial court entered an order denying the motion and the Cullens have appealed.[1]

■ The Cullens assert on appeal that a new trial is warranted because Florey's counsel made improper and prejudicial remarks during his opening and closing arguments to the jury, certain evidentiary rulings by the trial court were erroneous, and the court erred in allowing Florey to substitute a new expert witness shortly before trial.[2] The Cullens also assert that the trial court erred in denying their motion for sanctions against Florey's attorney for his allegedly improper remarks during arguments to the jury.

I NEW TRIAL

■ The decision to grant or deny a new trial rests within the sound discretion of the trial court, and its decision will not be set aside on appeal absent an affirmative showing of a manifest abuse of discretion. *E.g., Sathren v. Behm Propane, Inc.,* 444 N.W.2d 696, 697 (N.D.1989); *Roberts v. Hail Unlimited,* 358 N.W.2d 776, 780 (N.D.1984). Pursuant to the "harmless error" rule, Rule 61, N.D.R.Civ.P., only errors or defects which affect substantial rights of the parties will warrant a new trial. *Sathren v. Behm Propane, Inc., supra,* 444 N.W.2d at 698.

Rule 61 provides:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

Florey asserts that the errors raised by the Cullens are harmless because the evidence on the issue of Florey's liability is so overwhelming in his favor that the verdict could not have been affected by the alleged errors. *See also City of Wahpeton v. Skoog,* 295 N.W.2d 313, 315 (N.D.1980) (applying Rule 52(a), N.D.R.Crim.P., the criminal "harmless error" rule).

Rule 10(b), N.D.R.App.P., requires the appellant to furnish the entire transcript upon appeal unless all affected parties stipulate to a partial transcript. The Cullens submitted only a partial transcript, which was not stipulated to by Florey. Florey moved for dismissal of the appeal for the Cullens' noncompliance with Rule 10, N.D.R.App.P. By order dated October 12, 1988, we allowed the appeal to proceed upon a partial transcript but specifically warned the Cullens of the possibility that a partial transcript might hinder "meaningful and intelligent appellate review."

■ Under similar circumstances in the past we have allowed appeals to proceed, with the warning that we will decline review of alleged errors if the record on appeal does not allow a "meaningful and intelligent review." *State v. Littlewind,* 417 N.W.2d 361, 365 (N.D.1987); *Sykeston Township v. Wells County,* 356 N.W.2d 136, 137 (N.D.1984); *Bye v. Elvick,* 336 N.W.2d 106, 109 (N.D.1983). The appellant assumes the consequences and risk of failure to file a complete transcript, *Owan v. Kindel,* 347 N.W.2d 577, 579 (N.D.1984), and where the record does not allow for a meaningful and intelligent review of the alleged error the appellant has not carried his burden of demonstrating reversible er-

---

1. The Cullens' claims against the County were settled after trial, and an order was entered dismissing the action against the County. The County therefore is not a party to this appeal.

2. The Cullens also assert that the trial court erred in excluding exhibits which would have demonstrated the condition and design of the roadway at the time of the accident. Those exhibits would be relevant only to the Cullens' claims against Williams County, which is no longer a party.

ror. *Bye v. Elvick, supra,* 336 N.W.2d at 108.

■ The record on this appeal does not provide an adequate basis for meaningful and intelligent appellate review. We are wholly unable to determine whether any of the alleged errors were prejudicial to the Cullens or otherwise "affect[ed] the substantial rights of the parties." Rule 61, N.D.R.Civ.P. Florey asserts that there is a complete lack of evidence to show that any repairs were negligently performed or that any negligence on his part was a proximate cause of the accident. The partial transcript provided on appeal consists of opening and closing arguments by Florey's counsel and various in-chambers discussions. Not a single word of the testimony heard by the jury is included in this record.

We do not conduct appellate review in a vacuum. Our review of alleged errors must take into consideration the context within which they occurred. If Florey's assertions are correct, and the record overwhelmingly demonstrates a lack of evidence of negligence on his part, any errors in allowing improper argument, excluding evidence,[3] or permitting substitution of a different expert shortly before trial could not have affected the verdict.

On the state of this record we are unable to assess the prejudicial nature of any errors alleged to be the basis for the granting of a new trial. Accordingly, we are unable to properly determine whether the trial court abused its discretion in denying the motion for a new trial.

The record on appeal does not allow a meaningful and intelligent review of the alleged errors, and we therefore decline to review them. Failure to provide a transcript may prevent a party's success on appeal. *Owan v. Kindel, supra,* 347 N.W.2d at 579. This is such a case.

## II SANCTIONS

■ The Cullens assert that the trial court erred in denying their motion for sanctions against Florey's counsel, Mitchell Mahoney, under Rule 11, N.D.R.Civ.P., and Rule 11.5, N.D.R.O.C. They argue that certain statements made by Mahoney were improper and necessitate a new trial, and that Mahoney is therefore subject to sanctions for prolonging and increasing the cost of this litigation. Inasmuch as we have affirmed the trial court's denial of the motion for a new trial, much of the underlying rationale of the Cullens' argument on this issue has been displaced.

Our review of this issue is also hampered by the lack of a transcript of the full proceedings, prohibiting us from considering Mahoney's remarks within the context of the entire record. The partial transcript does, however, include Mahoney's opening and closing remarks, and we have reviewed this issue to the extent allowed by the limited record. Having done so, we conclude that the trial court did not err in denying the motion for sanctions.

The order denying the Cullens' motion for a new trial and sanctions is affirmed.

ERICKSTAD, C.J., VANDE WALLE and LEVINE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.

3. We note that the hearsay evidence which the Cullens assert was wrongfully excluded does not bear directly upon Florey's alleged negligence. This evidence consisted of testimony of two students who overheard Michael Cullen on the morning of the accident state that the bus was pulling to the left during his morning run. According to counsel at oral argument, there was testimony admitted at trial that the bus was pulling to the left during the afternoon run before the accident. There apparently also was testimony that Florey repaired the bus some thirty days before the accident, and that the bus worked fine in the interim. Certainly the evidence that the bus pulled to the left in the morning of the thirtieth day, as well as the afternoon, does not standing alone greatly enhance the Cullens' theory of the case. This further demonstrates, however, the difficulty of reviewing such issues without an adequate record.