2001 ND 194

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Peggy J. CLARK, Defendant and Appellant.**

**No. 20010102.**

Supreme Court of North Dakota.

Dec. 10, 2001.

Peggy J. Clark, Bismarck, pro se defendant and appellant.

Richard James Riha, State's Attorney, Bismarck, for plaintiff and appellee.

MARING, Justice.

[¶ 1] Peggy J. Clark appeals from a second amended criminal judgment which set her restitution payments at $300.00 per month. We affirm.

I

[¶ 2] Peggy J. Clark was charged with theft of property for taking funds belonging to the Bismarck Gymnastics Academy. She entered a plea of guilty to that offense on September 12, 2000, and was sentenced for five years to the custody of the North Dakota Department of Corrections and Rehabilitation. This sentence was suspended, and Clark was placed on supervised probation for five years, subject to certain conditions. One of those conditions required Clark to "make restitution in the amount of $21,000.00, payable to the Burleigh County States Attorney's Office by money order or certified check with monthly payments to be determined by her probation officer based on the Defendant's ability to pay." A criminal judgment reflecting the terms of Clark's probation was filed on September 12, 2000, and an amended criminal judgment was filed on October 5, 2000.

[¶ 3] According to an affidavit she submitted to the trial court, Clark paid $50.00 per month of restitution for the months of October and November and $100.00 in December of 2000. On December 19, 2000,

Mark Kemmet, Clark's probation officer, sent a letter to Richard Riha of the Burleigh County State's Attorney's office regarding a meeting he had with Clark on December 13, 2000. In this letter, Kemmet listed Clark's income and expenses as she reported them to him. Kemmet also wrote that Clark "said she can pay a minimum of $50.00 per month towards restitution and will pay more if the money is available." Kemmet concluded the letter by stating, "I am aware that the victim's are unhappy with the restitution being received and the defendant indicates an inability to pay more. At this point, I'm at a loss as how to collect more money."

[¶ 4] After receiving the letter, the State filed a petition for revocation of probation dated January 5, 2001. The State alleged Clark had failed to pay adequate restitution and attached Kemmet's letter in support of the petition. Based on this petition, the court commanded Clark to appear at a hearing on March 20, 2001, and show cause why her probation should not be revoked. In response to the petition, Clark filed a brief, an affidavit listing her expenses, and copies of her pay stubs for January and February of 2001. Subsequent to the hearing, the trial court did not revoke Clark's probation; however, it ordered that the original criminal judgment against her "be amended to add that the restitution payment shall be no less than $300.00 per month." A second amended criminal judgment reflecting this order was filed on March 22, 2001, and Clark appealed.

II

[¶ 5] Before discussing the merits of this appeal, we note that this case comes before us with no transcript. The burden is on Clark, as the appellant in this case, to have filed a transcript with this Court on appeal. N.D.R.App.P. 10(b). " 'The ap-

pellant assumes the consequences and the risk for the failure to file a complete transcript. If the record on appeal does not allow for a meaningful and intelligent review of alleged error, we will decline review of the issue.' "*City of Fargo v. Bommersbach*, 511 N.W.2d 563, 566 (quoting *Sabot v. Fargo Women's Health Org., Inc.*, 500 N.W.2d 889, 892 (N.D.1993)). Therefore, "[f]ailure to provide a transcript may prevent a party from being successful on appeal." *Owan v. Kindel*, 347 N.W.2d 577, 579 (N.D.1984).

### III

[¶ 6] "On probable cause to believe a probationer has violated a condition of probation," a court may order the probationer to appear for a hearing on the alleged violation. N.D.R.Crim.P. 32(f). If contested, "the prosecution shall establish the violation by a preponderance of the evidence." *Id.* "After the hearing, the court, subject to limitations imposed by law, may revoke an order suspending a sentence or an order suspending the imposition of sentence, or continue probation on the same or different conditions, as the circumstances warrant." *Id.; see also* N.D.C.C. § 12.1–32–07(7) (stating that when a defendant violates a condition of probation, a trial court may modify or revoke the probation).

[¶ 7] We review probation revocation proceedings in two stages. *See State v. Gates*, 540 N.W.2d 134, 137 (N.D.1995). First, we review the trial court's factual finding on the probation violation under a clearly erroneous standard. *See id.* Second, we review the trial court's decision to revoke or modify probation under an abuse of discretion standard. *See id.*

[¶ 8] Clark argues that the trial court abused its discretion in setting restitution payments at $300.00 per month. "A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *State v. Sisson*, 1997 ND 158, ¶ 7, 567 N.W.2d 839. Clark argues that the affidavit she submitted in response to the petition for revocation shows the unreasonableness of the trial court's decision to set restitution payments at $300.00 per month. However, without a transcript of the revocation hearing, we are unable to determine the weight, if any, the trial court placed on the list of income and expenses contained in this affidavit. *Cf. Owan*, 347 N.W.2d at 579 (finding that an appellant who did not file a transcript failed to "present and point out evidence in the record" which would show that the trial court's findings were clearly erroneous). Similarly, without a transcript we are unable to examine the testimony from any witnesses who may have been called at the revocation hearing. Nothing in the record before us, therefore, reveals the factual basis for the trial court's decision. Accordingly, the record on appeal does not allow us to properly determine whether the trial court abused its discretion in setting Clark's restitution payments at $300.00 per month.[1] *See In re C.J.C.*, 2000

---

1. The trial court set Clark's monthly restitution payments at a hearing on a petition to revoke probation. We encourage trial courts to consider establishing schedules for payments at restitution hearings in order to avoid problems that can arise when probationers fail to make adequate payments on lump-sum amounts of restitution. *See* N.D.C.C. § 12.1–32–08(1) (requiring sentencing courts to "fix the manner of performance of any condition or conditions of probation established" at restitution hearings); *Gates*, 540 N.W.2d at 138–39. In this case, we do not know if the trial court was required to hold a restitution hearing because, without a transcript, we are unable to determine whether Clark agreed to pay restitution as part of a plea agreement. If the defendant enters into a plea agreement

ND 27, ¶ 8, 606 N.W.2d 117 (finding that, without a transcript, "[t]he available record contains only fragmentary, incomplete information as to the parties' income and expenses" and "does not reveal an abuse of discretion"); *Cullen v. Williams County*, 446 N.W.2d 250, 253 (N.D.1989) (stating that, without a transcript, "we are unable to properly determine whether the trial court abused its discretion in denying the motion for a new trial"). Therefore, Clark has not carried her burden of demonstrating an abuse of discretion. *See Owan*, 347 N.W.2d at 579 ("Failure to provide a transcript may prevent a party from being successful on appeal.").

## IV

■ [¶ 9] Clark also argues that the trial court violated her Equal Protection rights under the North Dakota and federal constitutions by setting the restitution payments at $300.00 per month, which she contends she is unable to pay. "Parties mounting constitutional challenges should bring up the heavy artillery or forego the attack entirely." *Jarvis v. Jarvis*, 1998 ND 163, ¶ 33, 584 N.W.2d 84. In support of her constitutional challenge, Clark relies primarily on *People v. Collins*, 239 Mich.App. 125, 607 N.W.2d 760 (1999). The defendant in *Collins* argued that the trial court violated the Equal Protection Clauses of the Michigan and federal constitutions by requiring him to pay $31,505.50 in restitution as a prerequisite to the suspension of 270 days of a 360–day prison sentence. 607 N.W.2d at 764–65. The Michigan Court of Appeals agreed the "defendant cannot be required to serve the 'suspended' portion of the jail sentence absent a finding that he had the ability to pay and was in wilful default." *Id.* at 765.

which includes restitution, a restitution hearing is not required. *See State v. Thorstad*, 261

However, unlike the defendant in *Collins*, Clark was not required to pay the $21,000.00 in restitution as a prerequisite to the suspension of her prison sentence. *See Collins*, 607 N.W.2d at 764–65. Clark's reliance on *People v. Collins* is misplaced.

[¶ 10] Clark also cites *Gates*, 540 N.W.2d at 138 and *State v. Ennis*, 464 N.W.2d 378, 385 (N.D.1990) in support of her Equal Protection argument. However, in each of those cases, the trial court revoked the defendants' probation. *See Gates*, 540 N.W.2d at 138; *Ennis*, 464 N.W.2d at 380. In the future, should Clark fail to make the $300.00 per month restitution payments, the trial court could only revoke her probation upon a showing that either she willfully failed to pay restitution, she failed to make sufficient bona fide efforts to acquire resources to pay, or measures other than incarceration "are not adequate to meet the state's interests in punishment and deterrence." *See* Neil P. Cohen, *The Law of Probation and Parole* § 19:17, at 19–28 to 19–29 (2d ed.1999) (stating the majority test for revocation of probation based on a failure to pay restitution); *see also Ennis*, 464 N.W.2d at 385 (citing *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)). In this instance, however, the trial court modified rather than revoked Clark's probation; consequently, it was not necessary for the trial court to find that Clark had willfully failed to make restitution payments. N.D.C.C. § 12.1–32–07(6) (allowing a court to modify or enlarge the conditions of probation for "good cause"); *see also People v. Cookson*, 54 Cal.3d 1091, 2 Cal.Rptr.2d 176, 820 P.2d 278, 282–83 (1991) (holding that a court may modify probation conditions based on a failure to

N.W.2d 899, 901 (N.D.1978).

pay restitution that is not willful); *Gates*, 540 N.W.2d at 138 ("A sentencing court has continuing power to modify the conditions of probation."). The trial court did not violate Clark's Equal Protection rights under the North Dakota or federal constitutions by setting her restitution payments at $300.00 per month.

### V

[¶ 11] We conclude the trial court did not abuse its discretion or violate Clark's Equal Protection rights in setting her restitution payments at $300.00 per month; therefore, the second amended judgment is affirmed.

[¶ 12] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, JJ., WILLIAM W. McLEES, D.J., concur.

[¶ 13] The Honorable WILLIAM W. McLEES, D.J., sitting in place of KAPSNER, J., disqualified.