YJR ENTERPRISES, INC., Plaintiff,

v.

TWIN COUNTY GROCERS, INC., and Foodtown, Defendants.

TWIN COUNTY GROCERS, INC. and Foodtown, Counterclaim Plaintiffs,

v.

Israel RAVEH, YJR Enterprises, Inc., Charles Scimeca, and Century Media Corp., Counterclaim Defendants.

No. 86 Civ. 5082 (WK).

United States District Court, S.D. New York.

April 13, 1989.

Roger B. Kaplan, Wilentz, Goldman & Spitzer, Woodbridge, N.J., for counterclaim plaintiffs.

David B. Newman, Fine, Tofel, Saxl & Berelson, P.C., New York City, for counterclaim defendants.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

For reasons which follow, we conclude that counterclaim plaintiffs Twin County Grocers, Inc. and Foodtown (collectively, "Twin") are entitled to try their case against counterclaim defendants Charles Scimeca and Century Media Corp. (collectively, "Century") to a jury.

## BACKGROUND

In June 1986, YJR Enterprises, Inc. ("YJR"), a media time buyer, brought suit against its client, Twin, to recover for fees it alleged were owing. In July 1986, Twin answered and asserted counterclaims against YJR and its principal, Israel Raveh, alleging that YJR had failed to return monies advanced it by Twin and had submitted inflated bills to Twin. In August 1986, YJR and Raveh served their reply to the counterclaims and made a general demand for a trial by jury, the first and only such demand made in this action. Over a year later, in September 1987, Twin filed amended counterclaims against YJR, Raveh and Century, a media time buyer that it alleged acted as YJR's agent in purchasing media time for Twin. The amended counterclaims added allegations that YJR had, with Century's knowledge and assistance, fraudulently "double-billed" Twin for Century's services and collected inflated commissions. They also asserted claims against YJR, Raveh and Century for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., breach of fiduciary duty, and unjust enrichment.[1] Almost simultaneously with the filing of the amended counterclaims, YJR and Raveh settled their

---

1. We do not, of course, here express any view as to the legal viability of the claims asserted.

dispute with Twin and, by stipulation and order, were dismissed from the case. Thereafter, in October 1987, Century answered the amended counterclaims.

A conference was held on March 1, 1989 to schedule the trial of Twin's action against Century. At that conference, in response to our inquiry whether or not the case would be tried to a jury, Century raised for the first time the issue of whether or not, under the circumstances, Twin retained a right to a jury trial. Apparently, neither party had up to that time considered the question.

## DISCUSSION

■ Fed.R.Civ.P. 38(b) provides that "[a]ny party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." Once such a demand has been made, Fed.R.Civ. P. 39(a) directs that "the action shall be designated upon the docket as a jury action." The jury demand covers all issues raised in subsequent pleadings affecting the party making the demand, because it "has already told [its] opponent that [it] wants a jury trial to the extent guaranteed by the Seventh Amendment." *Rosen v. Dick* (2d Cir.1980) 639 F.2d 82, 91.

■ Under Fed.R.Civ.P. 39(a), "[t]he trial of all issues so demanded shall be by a jury, unless (1) the parties or their attorneys of record ... consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all

of those issues does not exist under the Constitution or statutes of the United States." Since a demand cannot be withdrawn without consent or court order, a party may rely on another's jury demand and duplicative jury demands need not be made. *Rosen*, 639 F.2d at 91. Reliance on the demand of another is limited, however, to the " 'issues embraced by that demand.' " *Id.* at 93, *quoting Collins v. Government of Virgin Islands* (3d Cir. 1966) 366 F.2d 279, 284, *cert. denied,* (1967) 386 U.S. 958, 87 S.Ct. 1026, 18 L.Ed.2d 105.

■ The question presented, then, is whether or not YJR's and Raveh's demand "embraced" the issues in Twin's case against Century.[2] In its amended counterclaims alleging that Century aided and abetted YJR in submitted inflated bills to Twin, Twin asserted the same " 'basic legal theor[ies]' " of fraud, RICO, breach of fiduciary duty, and unjust enrichment against Century as it did against YJR and Raveh.[3] *Rosen*, 639 F.2d at 96, *quoting Lanza v. Drexel* (2d Cir.1973) 479 F.2d 1277, 1310. In addition, Twin's claims against Century arose out of the same alleged factual circumstances as claims asserted against YJR and Raveh. Based on the similar " 'character of the suit[s]' ", *id.,* we therefore conclude that YJR's and Raveh's jury demand encompassed the issues in Twin's action against Century and that Twin was entitled to rely on that demand.

■ Even if Twin were not entitled to rely on the prior jury demand, we would use the discretion granted us by Fed.R. Civ.P. 39(b) to order a jury trial. YJR's and Raveh's demand put Century on notice that all issues affecting them were to be tried by jury. Since, at the time the ques-

---

**2.** The fact that YJR and Raveh, the parties making the demand, are no longer parties to the action is irrelevant to our inquiry. *See In re N–500L Cases* (1st Cir.1982) 691 F.2d 15, 24–25; *Collins,* 366 F.2d at 286. The principle case on which Century relies for its contrary argument, *McAndrews v. United States Lines Co.* (S.D.N.Y. 1958) 167 F.Supp. 41, is inapposite. That case decided that a third-party plaintiff could not rely in its action against a third-party defendant on plaintiff's demand for a jury trial of the issues in the main action, not because plaintiff had been dismissed but because the third-party

action presented issues of indemnification and contribution not embraced by plaintiff's jury demand. Nor is it important that Century entered the lawsuit after the jury demand was made. *Rosen,* 639 F.2d at 85, 100 (Defendant Arthur Anderson & Co. not a party when jury demand made, yet entitled to rely as to those issues embraced by the demand).

**3.** The amended counterclaims asserted additional claims against YJR and Raveh based on breach of contract.

tion was first raised, Century did not know whether or not the law backed up its contention that Twin had waived its right to a jury trial, it cannot claim to be unfairly prejudiced by any delay in having that contention explicitly rejected.

Twin's claims against Century shall be tried to a jury.

SO ORDERED.