**Gerard SATHREN, Plaintiff and Appellant,**

v.

**BEHM PROPANE, INC., Defendant and Appellee.**

Civ. No. 880284.

Supreme Court of North Dakota.

Aug. 28, 1989.

---

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for plaintiff and appellant; argued by Steven L. Latham.

Pearce & Durick, Bismarck, for defendant and appellee; argued by B. Timothy Durick.

GIERKE, Justice.

Gerard Sathren appeals from a district court judgment denying his motion for a new trial and dismissing his cause of action against Behm's Propane, Inc. [Behm]. We affirm.

Sathren brought this personal injury action against Behm for injuries sustained in an industrial accident. During voir dire examination of the jury Sathren's counsel asked juror Kennedy, who owned a commercial scale repair business, if Kennedy had a business relationship with Behm.

Kennedy replied that he did not.[1] Kennedy served on the jury, which rendered a verdict in Behm's favor.

Post-verdict inquiries led Sathren to hire a private investigator, who discovered that Kennedy's company had done a small amount of business for Behm in the past. Sathren moved for a new trial, asserting that Kennedy's erroneous answer on voir dire was an irregularity warranting a new trial. The trial court initially granted Sathren's motion.

Behm then moved for reconsideration of the trial court's order, and presented additional evidence showing the minimal nature of the business between Behm and Kennedy's company. Behm presented Kennedy's affidavit, in which Kennedy stated that his records showed a single $100 service call to Behm in 1984, over three years before this trial, conducted by a company employee in Rugby. Kennedy's affidavit states that he was unaware of this service call until checking his records after trial, and that he had responded honestly to all questions asked of him during the voir dire. Presented with this new evidence, the trial court reversed its prior order and, holding that no showing of prejudice had been made, denied Sathren's motion for a new trial.

Sathren asserts on appeal that the trial court erred in denying his motion for a new trial. Sathren argues that, had Kennedy disclosed his company's prior business dealings with Behm, he would have exercised a peremptory challenge to excuse Kennedy.

We employ a very limited standard in reviewing a trial court's denial of a motion for a new trial:

> "The decision to grant or deny a new trial rests within the sound discretion of the trial court and will not be set aside on appeal unless there is an affirmative showing of a manifest abuse of discretion. An abuse of discretion by a trial court in granting or denying a motion for a new trial is defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the court." *Holte v. Carl Albers, Inc.*, 370 N.W.2d 520, 524 (N.D. 1985).

In a markedly similar case, the United States Supreme Court employed the harmless error standard of Rule 61, F.R.Civ.P., in holding that, under the circumstances presented, a new trial was not required by a juror's erroneous answer on voir dire. *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). In *McDonough*, a juror failed to respond when the panel was asked if any immediate family member had ever been injured in an accident. It was later learned that the juror's son had been injured in the explosion of a truck tire. The Supreme Court reversed the Court of Appeals' determination that a new trial was required:

> "We have also come a long way from the time when all trial error was presumed prejudicial and reviewing courts were considered ' "citadels of technicality." ' ... The harmless-error rules adopted by this Court and Congress embody the principle that courts should exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial.

> \* \* \* \* \* \*

> "To invalidate the result of a 3–week trial because of a juror's mistaken, though honest, response to a question, is to insist on something closer to perfection than our judicial system can be expected to give. A trial represents an important investment of private and social resources, and it ill serves the important end of finality to wipe the slate clean simply to recreate the peremptory challenge process because counsel lacked an item of information which objectively he should have obtained from a juror on *voir dire* examination. Whatever the merits of the Court of Appeals' standard in a world which would redo and reconstruct what had gone before upon any evidence of abstract imperfection, we think it is contrary to the practical necessities of judicial management reflected in Rule 61 and § 2111. We hold that to obtain a new trial in such a situation, a party must first demonstrate that a juror

---

1. The voir dire was not recorded by the court reporter. Behm does not dispute, however, that Kennedy was asked about a business relationship and gave a negative response.

failed to answer honestly a material question on *voir dire,* and then further show that a correct response would have provided a valid basis for a challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial." *McDonough, supra,* 464 U.S. at 553–556, 104 S.Ct. at 848–850, 78 L.Ed.2d at 669–671 (citations omitted).

 Although we find it unnecessary at this time to adopt the Supreme Court's standard, which would require a new trial only when the juror deliberately falsified an answer which would provide the basis for a challenge for cause, we do agree with the Court's reasoning that only those incorrect answers which might affect a juror's impartiality can provide a basis for a new trial. In this case the trial court determined that there had been a very small amount of business conducted between Behm and Kennedy's company several years prior to trial and that Kennedy was not at the time of trial aware of the business transaction. The court therefore determined that there was no demonstration of prejudice which would warrant a new trial.

The trial court's reasoning is unassailable. The evil sought to be defended against is a juror coming into the trial with a predilection in favor of one party based upon something other than the evidence presented at trial. We fail to see how a single business transaction which the juror did not even know about could have affected his impartiality at trial.[2]

Rule 61, N.D.R.Civ.P., provides:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial jus-

tice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

Any irregularity in Kennedy's honestly mistaken response did not affect the substantial rights of the parties.

We find no abuse of discretion by the trial court in denying Sathren's motion for a new trial. The judgment is affirmed.

ERICKSTAD, C.J., and MESCHKE, VANDE WALLE and LEVINE, JJ., concur.

---

**2.** Sathren attempted to introduce affidavits of other jurors regarding Kennedy's statements and conduct during deliberations in an attempt to demonstrate partiality. These affidavits were clearly inadmissible under Rule 606(b), N.D.R.

Evid. *See also Andrews v. O'Hearn,* 387 N.W.2d 716, 718–723 (N.D.1986); *Mauch v. Manufacturers Sales & Service, Inc.,* 345 N.W.2d 338, 342–343 (N.D.1984).