1999 ND 48

**Katherine SYMINGTON, Plaintiff and Appellee,**

and

**Helen Gladue, Plaintiff,**

v.

**Jessica C. MAYO and Joseph J. Mayo, Defendants and Appellants.**

**No. 980207.**

Supreme Court of North Dakota.

March 18, 1999.

Eric K. Fosaaen, of Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, for plaintiffs and appellee.

Patrick R. Morley, of Morley Law Firm, Ltd., Grand Forks, for defendants and appellants.

VANDE WALLE, Chief Justice.

[¶ 1] Jessica and Joseph Mayo appealed from a judgment, entered upon a jury verdict, awarding Katherine Symington damages for injuries she incurred in an automobile accident. The Mayos also appealed from an order denying their post-judgment motion for judgment as a matter of law or, alternatively, for a new trial. We affirm, holding the trial court did not err in refusing to set aside the jury's award of $100,000 for future economic damages.

[¶ 2] Symington was severely injured on March 13, 1996 when her car was struck by a vehicle owned by Joseph Mayo and driven by his daughter, Jessica. Symington sued for damages.[1] The Mayos conceded fault and tried the issue of damages. The jury returned a verdict in favor of Symington, finding damages of $585,000, including $185,000 for past medical expenses, $300,000 for past and future non-economic damages, and $100,-000 for future economic damages. The parties, by stipulation, adjusted the judgment to $451,474.46, and the Mayos appealed. The only issue on appeal is whether the trial court erred in refusing to grant a new trial or set aside the award of $100,000 for future economic damages.

[¶ 3] Prior to submission of the case to the jury, the Mayos made a motion for judgment as a matter of law on the issue of future economic damages. The court denied the motion and submitted the case to the jury.

---

1. Helen Gladue, a passenger in Symington's car, also sued the Mayos for damages. The lawsuits were consolidated for trial, but Gladue's action was settled by stipulation and is not part of this appeal.

After the jury found damages and a judgment was entered, the Mayos renewed their motion on the issue of future economic damages, requesting judgment as a matter of law, under N.D.R.Civ. P. 50, or, in the alternative, a new trial under N.D.R.Civ.P. 59. The trial court denied the post-judgment motion. Symington claims the Mayos' post-judgment motion was untimely under N.D.C.C. § 32–03.2–12. We conclude the motion was properly brought under N.D.R.Civ.P. 50 and N.D.R.Civ.P. 59 and is timely.

[¶ 4] On appeal, the Mayos argue there was insufficient evidence to support the jury's award to Symington of $100,000 for future economic damages, and the trial court erred in refusing to set aside the award, as a matter of law. The trial court's decision on a motion brought under N.D.R.Civ.P. 50 to deny or grant judgment as a matter of law is based upon whether the evidence, when viewed in the light most favorable to the party against whom the motion is made, leads to but one conclusion as to the verdict about which there can be no reasonable difference of opinion. *Felco v. Doug's North Hill Bottle Shop*, 1998 ND 111, ¶ 8, 579 N.W.2d 576. In considering this motion, the trial court must apply a rigorous standard with a view toward preserving a jury verdict, and so must we in our review on appeal. *Diversified Financial Systems, Inc. v. Binstock*, 1998 ND 61, ¶ 10, 575 N.W.2d 677. In determining if the evidence is sufficient to create an issue of fact, the trial court must view the evidence in the light most favorable to the non-moving party, and must accept the truth of the evidence presented by the non-moving party and the truth of all reasonable inferences from that evidence which support the verdict. *Victory Park Apartments, Inc. v. Axelson*, 367 N.W.2d 155, 166 (N.D.1985). The trial court's decision on a motion for judgment as a matter of law is fully reviewable on appeal. *Knoff v. American Crystal Sugar Co.*, 380 N.W.2d 313, 318 (N.D.1986).

[¶ 5] Symington was 87 years old at the time of the accident, and her life expectancy at the time of trial was 6.4 years. She sustained severe injuries in the accident, from which her treating physicians had doubts she could survive. She sustained multiple severe fractures of the pelvic region, fractured ribs, and a head injury. Following surgery, she was hospitalized for about one month. She was then transferred to a nursing home, where she was bedridden for months and received care for over one year, until she was released in June 1997.

[¶ 6] Symington is able to ambulate with a walker, but she has a considerable limp. She testified she has substantial pain on her left side both while walking and when lying down. She also testified the pain feels like "100 needles going in through there," and she takes pain pills every day. Her physical therapist testified Symington is at great risk of falling if she attempts to move about without a walker.

[¶ 7] Symington can no longer cook for herself, and she needs assistance in bathing, fixing her hair, and cleaning her home. Her treating doctor testified Symington cannot be expected to improve. Symington's niece, who has training as a registered nurse, testified any setback by Symington, such as a fall or harsh winter weather, would most likely require her to return to the nursing home.

[¶ 8] The Mayos concede there is record evidence showing Symington was spending, at the time of trial, at least $49 per week for home health care, meals on wheels, and house-cleaning assistance. They concede these expenses, amortized over Symington's 6.4 year life expectancy, would support an award of future economic damages of $16,307. They assert, however, the jury's award of $100,000 for future economic damages is wholly unsupported by the record evidence and is based upon mere speculation. We disagree.

[¶ 9] To recover future medical expenses, a plaintiff has the burden of showing substantial evidence to establish with reasonable medical certainty future medical services are necessary. *Erdmann v. Thomas*, 446 N.W.2d 245, 247 (N.D.1989). A jury can infer the reasonable cost of future medical expenses based upon record evidence of past medical expenses incurred by the plaintiff. *Olmstead v. First Interstate Bank*, 449 N.W.2d 804, 808 (N.D.1989). Furthermore, a

jury can infer the necessity of future nursing care based upon record evidence showing severe injuries sustained by a plaintiff and disabilities caused by those injuries. *See South v. National Railroad Passenger Corp.*, 290 N.W.2d 819, 842 (N.D.1980). *See also Bloomquist v. Wapello County*, 500 N.W.2d 1, 7–8 (Iowa 1993) (award of damages for future nursing and related expenses to employees who suffered poisoning from toxic pesticide was question for the jury).

[¶ 10] The facts and analysis in *South*, 290 N.W.2d at 842, are particularly applicable to the issue of future economic damages in this case. The plaintiff in *South* was struck by a train and sustained substantial injuries to his left shoulder and right arm, which required him to receive assistance in dressing, combing his hair, and performing other daily activities of living. The evidence showed the plaintiff's injuries had caused him to fall on more than one occasion, and it was impossible for him to get up without assistance. His treating physician testified the injuries were permanent, and it was possible his patient would never improve. Based upon that evidence, this Court concluded the jury could have inferred with reasonable medical certainty the plaintiff would require future nursing services, justifying an award of future economic damages. *South*, 290 N.W.2d at 842. The record evidence in this case is similar to the evidence in *South*.

[¶ 11] Symington introduced specific evidence her prior nursing home care had cost $27,000 per year. At that rate, nursing home care for 6.4 years would cost Symington $172,800. The evidence specifically showed Symington's injuries make it impossible for her to perform daily activities, such as house cleaning, cooking, and bathing, without assistance. The evidence also showed Symington is in substantial pain, walks with a limp, and cannot ambulate without a walker. There was also specific testimony that harsh winter weather or a fall by Symington would likely preclude her from remaining at home alone and would require her to return to a nursing home.

[¶ 12] Juries are allowed to draw reasonable conclusions by applying common sense. *See State v. His Chase*, 531 N.W.2d 271, 274 (N.D.1995); *State v. Ensz*, 503 N.W.2d 236, 239 (N.D.1993). Symington was 87 years old at the time of the accident. It is reasonable for a jury to infer that a person of Symington's advanced age, when faced with the severity of the injuries she sustained in the accident, is put at greater risk than a younger person of requiring future nursing home care.

[¶ 13] The trial court, in denying the post-trial motions, cogently summarized the common-sense correctness of the jury award of future economic damages:

> ... I do have concern about the weight of the evidence, put it that way, that was presented to the jury that the jury could have considered in support of the portion of its verdict for future economic loss. Now, having said that, it's my impression that the jury rendered a fair and practical decision in this case based on the evidence that they had before it.... [T]he jury had the opportunity to observe very closely, Mrs. Symington, over a period of days. They had an opportunity to hear what her lifestyle was like before the accident. And they had an opportunity to observe what her condition was subsequent to the accident and as a direct result of the accident. Anyone having observed Mrs. Symington in that—under those circumstances for that period of time, would be very hard pressed to say that in the future she is not going to suffer substantial future economic damages. Because she will not be able to care for herself in the manner in which she would have been able to but for the accident.... But notwithstanding her ability to get out at this point to return home, it's not mere speculation that the length of time that she is going to be able to care for herself has been considerably diminished as a result of the accident.

The determination of the amount of damages is peculiarly within the province of the jury, and we will not interfere with a damage award unless it is so excessive or inadequate as to be wholly unsupported by the evidence. *Suburban Sales & Service, Inc. v. White*, 326 N.W.2d 873, 877 (N.D.1982).

[¶ 14] This Court made clear in *North Am. Pump Corp. v. Clay Equip. Corp.*, 199 N.W.2d 888, 895–896 (N.D.1972), the law does not require mathematical certainty to uphold a damage award:

When the fact of injury has been proved with reasonable certainty, the fact that the amount of damages may be hard to prove does not prevent the jury from awarding damages. . . .

Uncertainty as to the amount of damages does not preclude recovery, and mathematical certainty as to the amount of recovery is not necessary. If a reasonable basis for computing an approximate amount of damages is provided, that is all that the law requires.

[¶ 15] We conclude the trial court did not err in denying the Mayos' request to set aside the jury's award of future economic damages.

[¶ 16] The Mayo's moved alternatively for a new trial under N.D.R.Civ.P. 59, asserting the evidence was insufficient to justify the award of future economic damages. A motion for new trial, based upon insufficiency of evidence to support the verdict, is addressed to the sound discretion of the trial court. *Barta v. Hinds*, 1998 ND 104, ¶ 5, 578 N.W.2d 553. Unlike a motion for judgment as a matter of law, in a motion for new trial the district court may "within limits, weigh the evidence and judge the credibility of witnesses." *Perry v. Reinke*, 1997 ND 213, ¶ 21, 570 N.W.2d 224. On appeal from the trial court's denial of a motion for new trial, we will not overturn the court's decision unless it has abused its discretion. *Id.*

[¶ 17] The district court determined there was substantial evidence to support the jury's award of future economic damages. We agree with the trial court's assessment of the evidence. We discussed the record evidence in support of the future economic damage award in our review of the trial court's denial of the motion for judgment as a matter of law, and it is apparent there was substantial evidence upon which the jury could infer with reasonable certainty Symington would incur future economic damages in the amount of $100,000. We conclude, therefore, the trial court did not abuse its discretion in denying the Mayo's motion for a new trial.

[¶ 18] Judgment affirmed.

[¶ 19] SANDSTROM, NEUMANN, MARING and KAPSNER, JJ., concur.

