2002 ND 131

**Michael HOWES, Plaintiff and Appellant,**

v.

**KELLY SERVICES, INC., Defendant and Appellee.**

**No. 20020014.**

Supreme Court of North Dakota.

Aug. 15, 2002.

Timothy Q. Purdon (argued) and Thomas A. Dickson (on brief), Dickson & Purdon, Bismarck, and Michael G. Liffrig (appeared), Mandan, for plaintiff and appellant.

Jerome C. Kettleson (argued), Pearce & Durick, Bismarck, for defendant and appellee.

NEUMANN, Justice.

[¶ 1] Michael Howes appealed from a judgment and post-trial orders granting motions by Kelly Services, Inc. ("Kelly") for judgment as a matter of law and for a new trial. Kelly cross-appealed from the denial of its motion for a new trial on grounds other than the sufficiency of the evidence. We reverse and remand for a new trial.

I

[¶ 2] On March 9,1998, Howes, an employee at Farmers Union Distribution Center ("Farmers Union") in Bismarck, was injured at work while unloading tractor tires from a semi-trailer. Allen Fuller, the general manger of Farmers Union, had made arrangements for Kelly to provide two temporary employees to help Farmers Union unload the tires. According to Fuller and Howes, an "older" and a "younger" man arrived at Farmers Union at about 8 a.m. on March 9, and identified themselves as Kelly employees. Howes, Keith Kemper, the driver of the semi-trailer, and the two Kelly temporary employees began unloading the truck. The two Kelly employees were primarily responsible for rolling the unloaded tires into the Farmers Union facility. While unloading the tires, a three-hundred-and-twenty-seven pound tractor tire at the top of a stack of tires became wedged between the stack and the ceiling of the semi-trailer. Howes and Kemper testified they worked the tire free, and they then took a break and left

the tire at the top of the stack with about five inches hanging over the side of the stack. Howes and Kemper both testified that while they were loosening that tire, the younger Kelly employee came into the semi-trailer, and before they took their break, Kemper told the younger Kelly employee not to touch anything. While Howes and Kemper were taking their break, the younger Kelly employee was behind the stack of tires and the tire fell on Howes. Howes and Kemper both testified the tire could not have fallen unless it was pushed, and the only other person in the truck when the tire fell was the younger Kelly employee. Howes testified that, after the tire hit him, the younger Kelly employee told Howes, "Oh, shit, man, I'm sorry." Howes filed a March 1998 workers compensation claim which stated the tire had been pushed by a "Kelly Services helper." Fuller, Kemper, Howes, the older Kelly employee, and Linda Bridge, a Farmers Union employee, testified they did not know the name of the younger Kelly employee.

[¶ 3] Kelly's records indicated that it detailed Herb Ritz and Jeremy Levi to work at Farmers Union on March 9, 1998. Howes agreed Ritz was the older Kelly employee, but Howes testified Levi was not the younger Kelly employee who was in the semi-trailer when the tire fell. According to Howes, Kelly's records were wrong, and in response to a request for admission, Howes admitted that Ritz and Levi were not responsible for his injuries.

[¶ 4] Howes sued Universal Cooperatives, Winter Trucking, Inc., and Kelly. Howes alleged Universal Cooperatives supplied the load of tractor tires to Farmers Union on March 9, and negligently loaded the tractor tires in the semi-trailer. Howes also alleged Winter transported the

tires to Farmers Union on March 9 and Winter's employee, Kemper, was negligent both in unloading the tires and in supervising the unloading of the tires. Howes further alleged Kelly's employees were negligent in unloading the tires. Universal Cooperatives and Winter were dismissed from the lawsuit before trial. A six-person jury returned a verdict finding Kelly's negligence was the proximate cause of Howes' injuries and awarding him damages.

[¶ 5] Kelly moved for judgment as a matter of law, asserting there was no evidence to support the jury's finding that Kelly was negligent. Kelly also moved for a new trial, asserting the evidence was insufficient to support the verdict and also raising other grounds for a new trial. The trial court granted Kelly's motion for judgment as a matter of law, concluding the evidence was insufficient to support the jury's finding that Kelly was negligent. The court also conditionally granted Kelly's motion for a new trial on the ground that the evidence was insufficient to support the verdict, but denied Kelly's motion for a new trial on all other grounds. Howes appealed, and Kelly cross-appealed.

## II

[¶ 6] Howes argues the trial court erred in granting Kelly's post-trial motion for judgment as a matter of law. Howes argues there was sufficient evidence for the jury to find Kelly was negligent under the theory of vicarious liability, because there was ample evidence a Kelly employee pushed the tractor tire that injured Howes.

[¶ 7] In considering a motion for judgment as a matter of law under N.D.R.Civ.P. 50, a trial court must apply a rigorous standard with a view toward preserving a jury verdict. *Symington v. Mayo,* 1999 ND 48, ¶ 4, 590 N.W.2d 450.

In determining if the evidence is sufficient to create an issue of fact, a trial court must view the evidence in the light most favorable to the non-moving party, and must accept the truth of the evidence presented by the non-moving party and the truth of all reasonable inferences from that evidence which supports the verdict. *Id.* A judgment as a matter of law is appropriate if the evidence leads to but one conclusion as to the verdict about which there can be no reasonable difference of opinion. *Id.* A trial court's decision on a motion for judgment as a matter of law is fully reviewable on appeal. *Id.*

[¶ 8] In granting Kelly's motion for judgment as a matter of law, the trial court said:

This case involves an unidentified individual causing injury to Michael Howes. Mr. Howes cannot identify the individual. No one can identify the individual causing Mr. Howes' injuries. Based on the record, there was insufficient evidence from which the jury reasonably could have concluded that a Kelly employee caused Michael Howes' injuries. It was mere speculation, conjecture, and surmise for the jury to determine that an unknown person was an employee of Kelly.

[¶ 9] Viewing the evidence in the light most favorable to the verdict and accepting the truth of the evidence presented by Howes, we conclude the trial court erred in granting Kelly's motion for judgment as a matter of law. Howes presented evidence that an older and a younger man arrived at Farmers Union at about 8 a.m. on March 9, and the two men identified themselves as Kelly employees. Although Fuller, Howes, Kemper, and Bridge testified they did not know the names of the two Kelly employees, there was evidence which, if believed, established the younger Kelly employee was the

person that pushed the tire that hit Howes. Kemper and Howes both testified the younger Kelly employee was the only other person in the semi-trailer when the tire hit Howes, and the tire could not have fallen without being pushed. Kelly's records indicated that Ritz and Levi were the Kelly employees that worked at Farmers Union on March 9. Howes testified the older Kelly employee was Ritz, but admitted the younger Kelly employee was not Levi. According to Howes, Kelly's records were incorrect. Ritz testified he worked at Farmers Union on March 9, but he did not know the other Kelly employee that worked with him on that day. Levi testified by audio-visual deposition that he worked one day at Farmers Union; he arrived at Farmers Union at 8:00 a.m. on that day and had to wait for the arrival of the semi-trailer that he helped unload; he initially helped unload dog and cat food because the semi-trailer with the tires was late; he did not know the names of anyone at Farmers Union and was not aware of any other Kelly employees working at Farmers Union on that day; he rolled tires into the warehouse and never went inside the semi-trailer; the semi-trailer was unloaded from a loading dock and not from another entrance; and he did not learn someone was claiming an injury on that day until more than six months later. Levi's testimony varied from that of other witnesses who testified the semi-trailer was at Farmers Union at 8:00 a.m. on March 9, the semi-trailer was not unloaded at the loading dock, and the younger Kelly employee went into the semi-trailer.

[¶ 10] We conclude the evidence supports an inference the younger Kelly employee pushed the tire that hit Howes, and Kelly's records about the name of the younger employee were erroneous. In reviewing the granting of a judgment as a matter of law, we must accept the truth of the evidence presented by Howes and the truth of all reasonable inferences from that evidence. Here, the evidence does not lead to one conclusion about which there can be no reasonable difference of opinion. We therefore reverse the order granting Kelly's motion for judgment as a matter of law.

III

[¶ 11] Howes argues the trial court abused its discretion in conditionally granting Kelly's motion for a new trial on the ground the evidence was insufficient to support the verdict, and if this Court upholds the grant of a new trial, the new trial should be limited to the issue of liability. In its cross-appeal, Kelly argues the trial court abused its discretion in failing to grant Kelly a new trial on the grounds that Kelly was entitled to a nine-person jury; that the court erred in denying Kelly's request for an instruction on the effect of Howes' admission that neither Levi nor Ritz dislodged the tire that hit him; that the jury erred in failing to assess fault against any other parties and in awarding Howes excessive damages; and that there were irregularities in the trial proceedings. Because we conclude Kelly was entitled to a nine-person jury, we need not address the other issues relating to a new trial.

[¶ 12] Kelly argues the trial court abused its discretion in denying its motion for a new trial on the ground that it was entitled to a nine-person jury instead of a six-person jury. Howes sued Universal Cooperatives, Winter, and Kelly for negligence and demanded a jury trial. Universal Cooperatives and Winter separately answered and each demanded a trial by a nine-person jury. Kelly's subsequent answer did not demand a jury trial. Before trial, both Universal Cooperatives and Winter were dismissed from the lawsuit. The trial court denied Kelly's pretrial motion for a nine-person jury, concluding Kel-

ly waived its right to a nine-person jury, and the court also denied Kelly's motion for a new trial on that ground. Kelly argues it was entitled to rely on the demand for a nine-person jury by Universal Cooperatives and Winter, and the trial court abused its discretion in denying Kelly's motion for a new trial on that ground.

[¶ 13] We review a trial court's denial of a motion for new trial under N.D.R.Civ.P. 59(b) under the abuse-of-discretion standard. *Sollin v. Wangler*, 2001 ND 96, ¶ 8, 627 N.W.2d 159. A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law. *Id.*

[¶ 14] Under N.D. Const. art. I, § 13, the Legislature may determine the size of a jury for civil cases, but the jury must consist of at least six members. *Cf. Colgrove v. Battin*, 413 U.S. 149, 160, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973) (holding local federal rule for six-person jury trial in civil case comports with Seventh Amendment). Section 28–14–03.1, N.D.C.C., provides that in all civil actions when a jury is impaneled, the jury must consist of six qualified jurors, unless any party makes a timely written demand for a nine-person jury. *See also* N.D.R.Civ.P. 48(b) (in civil actions, a jury shall consist of six qualified jurors unless any party makes a written demand for a nine-person jury under N.D.R.Civ.P. 38). Rule 38, N.D.R.Civ.P., provides:

(b) Demand. Any party may demand a trial by jury of any issue triable of right by jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

(c) Size of Jury. If trial by jury is demanded, the jury shall consist of six qualified jurors unless a jury of nine is specifically demanded within the time required by these rules for demanding trial by jury.

. . . .

(e) Waiver. The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A waiver of trial by jury is not revoked by an amendment of a pleading asserting only a claim or defense arising out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

[¶ 15] Except for the language in subdivision (c) about a nine-person jury which tracks N.D.C.C. § 28–14–03.1, N.D.R.Civ.P. 38, was effectively adopted from F.R.Civ.P. 38, and we may look to interpretations of the federal rule for guidance in construing our rule. *See Land Office Co. v. Clapp–Thomssen Co.*, 442 N.W.2d 401, 403 (N.D.1989). Under the corresponding federal rule, once one party files a demand for a jury trial, other parties are entitled to rely upon that demand for the issues it covers, and they need not file their own demand. *Fuller v. City of Oakland*, 47 F.3d 1522, 1531 (9th Cir. 1995); *Dell'Orfano v. Romano*, 962 F.2d 199, 202 (2nd Cir.1992); *In re N–500L Cases*, 691 F.2d 15, 22 (1st Cir.1982); *Southland Reship, Inc. v. Flegel*, 534 F.2d 639, 643 (5th Cir.1976). *See generally* 8 James Wm. Moore et al., Moore's Federal Practice ¶ 38.52[2][c] (3d ed.2002); 9 Charles Alan Wright & Arthur Miller,

*Federal Practice and Procedure: Civil 2nd* § 2318 (1995). *See also* 47 Am.Jur.2d *Jury* § 64 (1995); 50A C.J.S. *Juries,* § 175 (1997). A party may rely on another's demand even if the party demanding a jury trial is subsequently dismissed from the action. *See In re N–500L Cases,* at 24–25; *Mid Kansas Fed. S & L v. Orpheum Theater Co.,* 810 F.Supp. 1184, 1190 (D.Kan.1992); *YJR Enterprises, Inc. v. Twin County Grocers, Inc.,* 709 F.Supp. 499, 501 n. 2 (S.D.N.Y.1989). *See also* 8 Moore's Federal Practice at ¶ 38.52[2][c].

[¶ 16] Although those federal authorities deal with the total denial of a jury trial, as opposed to a request for a jury of specified size under N.D.R.Civ.P. 38(c), those federal decisions are premised on language similar to N.D.R.Civ.P. 38(e), which provides that a request for a jury trial may not be withdrawn without the consent of the parties. *See Dell'Orfano,* 962 F.2d at 202; *In re N–500L Cases,* 691 F.2d at 22. *See also* 9 Wright & Miller, at § 2318. Nothing in our rules of procedure, nor N.D.C.C. § 28–14–03.1, precludes application of the general principle for demands for a jury trial to a request for a nine-person jury. The demands for a nine-person jury by Universal Cooperatives and Winter involved allegations regarding negligence and the allocation of fault for Howes' injuries, and those issues were also involved in Howes' allegations against Kelly. We conclude Kelly was entitled to rely upon the demands for a nine-person jury by Universal Cooperatives and by Winter for those similar issues, and the trial court misapplied the law in deciding Kelly waived its statutory right to a nine-person jury. We therefore conclude the trial court abused its discretion in denying Kelly's motion for a new trial on that issue, and we reverse and remand for further proceedings consistent with this opinion.

[¶ 17] Because of our resolution of the jury trial issue, we need not decide Howes'

claim the trial court abused its discretion in conditionally granting Kelly a new trial on the ground of insufficiency of the evidence. *See Brandt v. Milbrath,* 647 N.W.2d 674, 2002 ND 117, ¶ 25 (outlining trial court's standard for considering motion for new trial on ground of sufficiency of the evidence). Moreover, the remaining issues raised in Kelly's cross-appeal are not likely to arise on remand, and any discussion of these issues would be advisory. *See DeCoteau v. Nodak Mut. Ins. Co.,* 2000 ND 3, ¶ 26 n. 2, 603 N.W.2d 906.

[¶ 18] We reverse the order and judgment granting Kelly judgment as a matter of law, reverse the order denying Kelly a new trial on the issue of jury size, and remand for a new trial.

[¶ 19] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.