2002 ND 208

**Michael HOWES, Plaintiff, Appellant and Cross–Appellee,**

**v.**

**KELLY SERVICES, INC., Defendant, Appellee and Cross–Appellant.**

**No. 20020014.**

Supreme Court of North Dakota.

Dec. 20, 2002.

Rehearing Denied Dec. 20, 2002.

Timothy Q. Purdon and Thomas A. Dickson, Dickson & Purdon, Bismarck, N.D., and Michael G. Liffrig, Mandan, N.D., for plaintiff, appellant and cross-appellee.

Jerome C. Kettleson and Larry L. Boschee, Pearce & Durick, Bismarck, N.D., for defendant, appellee and cross-appellant.

NEUMANN, Justice.

[¶ 1] In *Howes v. Kelly Services, Inc.*, 2002 ND 131, ¶¶ 11–16, 649 N.W.2d 218, we held Kelly was entitled to rely upon prior demands for a nine-person jury by two co-defendants, even though both co-defendants were dismissed from the lawsuit before trial. We concluded the trial court abused its discretion in denying Kelly's motion for a new trial on that issue, and we reversed and remanded for a new trial. Id. at ¶¶ 16, 18. On petition for rehearing, Howes claims the trial to a six-person jury was harmless error under N.D.R.Civ.P. 61 and *Allen v. Kleven*, 306 N.W.2d 629, 634 (N.D.1981).

[¶ 2] In *Allen*, 306 N.W.2d at 632, Allen, a passenger in a car driven by Williams, sued Kleven for injuries sustained in an accident involving the car driven by Williams and a car driven by Kleven. Allen's complaint did not request a jury trial. Kleven answered, alleging Allen's injuries were caused by the negligence of Allen and Williams. Kleven's answer requested a jury trial without spec-

ifying the number of jurors desired. Rule 38(c), N.D.R.Civ.P., then provided a jury shall consist of six unless a request for a jury of twelve is made within the time for demanding a jury trial. Kleven later brought a third-party action against Williams, alleging Williams was negligent and seeking contribution if Kleven was found liable for Allen's injuries. Williams' answer to Kleven's third-party action denied liability and requested a twelve-person jury. At a pretrial conference, Williams agreed to a trial by a six-person jury.

[¶ 3] On appeal, Allen argued the trial court erred in allowing a six-person jury. Allen argued William's agreement to a six-person jury effectively withdrew Williams' demand for a twelve-person jury. Allen claimed she did not consent to the withdrawal under N.D.R.Civ.P. 38(e), and she affirmatively objected. Williams and Kleven argued the issue about jury size was germane only to the third-party action. They also argued Allen waived her right to object because she did not demand a jury trial. This Court considered the parties' arguments under the harmless error rule in N.D.R.Civ.P. 61, and concluded Allen's reasons for a twelve-person jury were conjectural and did not demonstrate the alleged error was prejudicial. *Allen*, 306 N.W.2d at 634. We said the appealing party had the burden of establishing the trial court erred and the error was highly prejudicial. *Id.* We decided there was "nothing before us from which to conclude that if an error was made by the trial court when it allowed the jury to be reduced from 12 to six members, it was anything more substantial than harmless error." *Id.*

[¶ 4] The facts in *Allen* are different from this case in one aspect. In *Allen*, a third-party defendant demanded a twelve-person jury in a third-party action after Allen had sued Kleven in the main action and failed to request a jury trial. Here, although Kelly's answer did not demand a jury trial, we held Kelly was entitled to rely on prior demands for a nine-person jury by two co-defendants. Kelly's right to rely on co-defendants' prior demands for a nine-person jury is more compelling than Allen's right to rely on a third-party defendant's subsequent demand for a twelve-person jury.

[¶ 5] In *Allen*, 306 N.W.2d at 634, this Court applied the harmless error rule of N.D.R.Civ.P. 61 to the issue involving jury size. Under N.D.R.Civ.P. 61, no error is ground for granting a new trial or setting aside a verdict unless refusal to do so is inconsistent with substantial justice, and at every stage of a proceeding, a court must disregard any error or defect which does not affect the substantial rights of the parties. In another context, we have defined an error affecting substantial rights as an error that was prejudicial, or affected the outcome of a proceeding. *See State v. Olander*, 1998 ND 50, ¶ 15, 575 N.W.2d 658.

[¶ 6] We have applied the harmless error rule to other issues affecting the jury. See *Larson v. Williams Elec. Co-op., Inc.*, 534 N.W.2d 1, 4–5 (N.D.1995) (applying harmless error to exclusion from jury panel of all defendant co-op's members and customers and concluding error was not harmless); *Kronberger v. Zins*, 463 N.W.2d 656, 658–60 (N.D.1990) (applying harmless error to trial court's ex parte communications with jury and concluding error was not harmless); *Sathren v. Behm Propane, Inc.*, 444 N.W.2d 696, 698 (N.D. 1989) (applying harmless error to juror's honestly mistaken response to voir dire question and concluding error was harmless); *Andrews v. O'Hearn*, 387 N.W.2d 716, 723–26 (N.D.1986) (applying harmless

error to communications with jury and concluding error was harmless).

[¶ 7] Here, before trial, Kelly claimed it was entitled to a nine-person jury. Kelly argued prior demands for a nine-person jury by two co-defendants could not be withdrawn without the consent of all parties, even though the two co-defendants had been dismissed from the action before trial. The trial court held Kelly had waived its right to a jury, and the case was heard by a six-person jury, as requested by Howes. In *Howes*, 2002 ND 131, ¶¶ 11–16, 649 N.W.2d 218, we held Kelly was entitled to rely upon the prior demands for a nine-person jury by its two co-defendants. Although not of constitutional dimension, Kelly was denied its statutory right to a larger jury with the likelihood of obtaining a more representative cross section of the community. This is an error which affects the framework within which the trial proceeds, rather than an error which occurs during the trial process itself. Under our law, it would be virtually impossible to show the prejudicial effect of seating of a six-person jury and denying a party the statutory right to a nine-person jury, because jurors may not testify as to matters concerning their mental process during deliberations. N.D.R.Evid. 606(b). *See Sathren*, 444 N.W.2d at 698 n. 2. In this narrow situation, the inherent possibility of prejudice is present but virtually impossible to assess.

[¶ 8] In an analogous situation, we concluded the automatic exclusion of a defendant co-op's members and customers from a jury pool without an individualized inquiry was not harmless error. *Larson*, 534 N.W.2d at 4–5. Although we acknowledged the scope and expense of a new trial, our decision recognized the importance with which we regard the jury system. *See Larson*, at 5–6 (VandeWalle, C.J., concurring). We concluded the exclusion of an identifiable group of people from the jury pool deprived the parties of a fair cross section of the population from which to select a jury and was not harmless error. *Larson*, at 4–5. We said the refusal to order a new trial in that situation would be inconsistent with substantial justice. Id. at 5.

[¶ 9] Here, we similarly conclude the trial court's pre-trial denial of Kelly's assertion of its statutory right to a nine-person jury would be inconsistent with substantial justice. We therefore conclude the denial affected Kelly's substantial rights and was not harmless. To the extent *Allen* is contrary to our conclusion, we overrule it.

[¶ 10] We deny Howes' petition for rehearing.

[¶ 11] MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.

VANDE WALLE, Chief Justice, concurring in the result of the opinion denying the Petition for Rehearing.

[¶ 12] I would deny the petition for rehearing but on grounds different than the majority.

[¶ 13] Unfortunately *Allen v. Kleven*, 306 N.W.2d 629, 634 (N.D.1981), was not cited to us until the petition for rehearing was filed. That may have been due to the fact the issue as to size of the jury was far from the major issue in the brief of the appellant or the appellee but it was the issue upon which this Court granted a new trial on appeal, even though the trial court denied a new trial on that ground while granting it on the sufficiency of the evidence. Nevertheless, since I am not only the one remaining member of the *Allen v. Kleven* Court, but actually wrote the opinion for the Court, I should have recalled it.

Regrettably, I did not until the petition for rehearing.

[¶ 14] My concern is not solely or primarily that an opinion I authored be reversed. The facts here, as the majority notes, may be more compelling than *Allen v. Kleven*, and it is possible to distinguish that decision on its facts. Rather, after reconsideration, I am concerned by the precedent established by presuming prejudice under the harmless-error rule. As the majority recognizes, we have applied the harmless-error rule in most jury issues. In the instance we did presume prejudice, *Larson v. Williams Elec. Coop., Inc.*, 534 N.W.2d 1 (N.D.1995), the error involved the exclusion of an entire class of jurors, not a reduction in the number of jurors. In *Larson*, I concurred specially, expressing my view that the decision had "limited value as precedent" and that the harmless-error rule was "alive and well." *Id.* at 6. I further observed:

> Few errors, even with regard to the jury, require a new trial on the basis that to deny a new trial would be inconsistent with substantial justice. I am willing to join my colleagues in their statement, but the result does not indicate my willingness to broaden the definition of error which affects a substantial right of the parties.

*Id.* at 6. It is apparent from the majority's rationale denying rehearing that I should have adhered to my view in *Larson* that "I would prefer to affirm." *Id.* at 5.

[¶ 15] On the basis of this decision, I expect we will be urged to abandon our harmless-error analysis in other jury issues because it may be difficult to prove prejudice. I suggest that if, in this instance, the majority is correct that it is virtually impossible to show the prejudicial effect of seating a six-person jury rather than a nine-person jury, it is because there is in fact, without more, no prejudicial effect. To hold a reduction in number from nine to six jurors is, alone, prejudicial error, is, I submit, to cast doubt on that part of Article 1, Section 13 of the North Dakota Constitution, as amended in 1974, which provides that the Legislature "may determine the size of the jury for all other cases [other than a criminal charge for which the defendant may be confined for more than one year], provided that the jury consist of at least six members." Subsequent to the constitutional amendment, the Legislature, in 1977, enacted N.D.C.C. § 28–14–03.1 stating that "[i]n all civil actions when a jury is impaneled, a jury must consist of six qualified jurors unless any party makes a timely written demand for a jury of nine." *See also* N.D.R.Civ.P. 48(b).

[¶ 16] Thus a six-person jury is established by statute and by rule as the appropriate sized jury. Absent a claim that a six-person jury is constitutionally inadequate under the United States Constitution, a claim I do not understand is being made here, there is little to support the "substantial justice" standard employed by the majority.

[¶ 17] We have not previously employed that standard even in a criminal case where, in the face of a statute, N.D.C.C. § 29–22–02, requiring sequestration of the jury, the court denied the defendant's request to sequester the jury. *State v. Bergeron*, 340 N.W.2d 51 (N.D. 1983). On appeal we held:

> An argument can be made that, absent a presumption of prejudice, the defendant may have difficulty to establish sufficient prejudice to require a new trial. We do not agree. For example, if a juror was exposed to the significant prejudicial publicity during a separation this could be grounds for a new trial. For this reason the trial court should prepare to sequester the jury in advance

whenever a lengthy trial is anticipated. However, mere reliance upon NDCC § 29–22–02 without a showing of actual prejudice is insufficient.

Id. at 59. We concluded that in light of the failure to show prejudice "the trial court did not commit error in denying defendant's motion to sequester the jury." Id. I would apply the *Bergeron* standard here, and, if this were the only issue on appeal, I would grant the petition for rehearing and affirm the trial court's denial of a new trial on that ground.

[¶ 18] But, in addition to the judgment as a matter of law which we reversed in our opinion, the other major issue on appeal involved the trial court's conditional grant of Kelly's motion for a new trial on the ground the evidence was insufficient to support the verdict. I would affirm the trial court's order for a new trial on that ground, under the rationale set forth in *Okken v. Okken*, 325 N.W.2d 264 (N.D. 1982). Under that rationale, on the motion for new trial, the trial judge is entitled to weigh the evidence, the trial judge is not required to accept the truth of the evidence which supports the verdict but may instead consider all the evidence and judge the credibility of witnesses, and we will not reverse the trial court's order for a new trial absent a manifest abuse of discretion. Here there was no manifest abuse of discretion in ordering a new trial on that ground. I would affirm the trial court and therefore deny the petition for rehearing.

[¶ 19] GERALD W. VANDE WALLE, C.J.