Ernest **KRONBERGER** and **Sandra Kraft,** for themselves and as next friends of Casey Kronberger, Plaintiffs and Appellants,

v.

Dustin **ZINS,** and his next friends, Arnold Zins and Carolyn Zins, and Arnold Zins and Carolyn Zins, individually, Defendants and Appellees.

**Civ. No. 900199.**

Supreme Court of North Dakota.

Nov. 29, 1990.

Lester J. Schirado of Schirado Law Office, Mandan, for plaintiffs and appellants.

Curtis L. Wike of Fleck, Mather & Strutz, Bismarck, for defendants and appellees.

LEVINE, Justice.

Ernest Kronberger and Sandra Kraft appeal from an order denying Casey Kronberger a new trial on the ground that an ex parte communication between the judge and the jury was harmless error. We reverse and remand for a new trial.

This appeal involves a personal injury action against six-year-old Dustin Zins for damages sustained by seven-year-old Casey Kronberger in a "dirt ball fight" involving neighborhood children. At the close of Kronberger's case, the trial court dismissed the claims against Dustin Zins' parents, Arnold and Carolyn. After the jury returned a verdict favoring Dustin Zins and the court entered judgment, Kronberger moved for a new trial on the ground that the court improperly conducted ex parte communications with the jury contrary to section 28–14–19, NDCC.[1] In support of his motion, Kronberger offered affidavits from one of the jurors and the clerk of court.

The clerk of court's affidavit indicated that during the jury's deliberations, the bailiff received a note from the jury which he passed to the clerk. The clerk telephoned the judge at his home and relayed the question to him. She wrote the judge's response on the note submitted by the jury, gave the note to the bailiff, and he returned the note to the jury. The juror's affidavit stated that she "had written a note asking a certain question as to what the jury could or could not do which was given to Adam Geiss, the bailiff, and that the jury had received an answer to such question from the bailiff, who had informed them that the Judge had told them what they could or could not do." The juror's affidavit also contained a statement about the juror's confusion with one of the

1. Section 28–14–19, NDCC, provides:

"After the jurors have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed of any point of law arising in the case, they may require the officer to conduct them into court. Upon their being brought into court the information required must be given in the presence of or after notice to the parties or counsel."

questions on the jury verdict form.[2] The special verdict form contained five questions. The first three inquired as to the existence of negligence on the part of Zins, Kronberger and "someone other than Dustin Zins, Casey Kronberger, or their parents...." The fourth asked the jury to apportion fault among Zins, Kronberger, and "other persons." And the fifth question dealt with damages. Neither affidavit stated the content of the jury's question or the judge's response. The judge did not notify the parties when the question was submitted to him, and the note was not preserved.

In opposition to the motion for new trial, Zins offered second affidavits from the same juror and the clerk of court. The juror's second affidavit stated that "the question I wrote out for the bailiff was whether the jury would have to award money damages upon a finding of 50 percent negligence on plaintiff Casey Kronberger and 50 percent negligence on defendant Dustin Zins." The written response from the judge, the juror said, was "yes." The clerk of court's second affidavit contained a recitation of the question put to the judge that was identical to the juror's. The clerk also stated she "contacted the Honorable Benny A. Graff by telephone and read the jury's written question over the telephone to Judge Graff; that Judge Graff instructed [the clerk] to have the bailiff respond to the jury, in writing, that the jury was to complete the remaining questions on the verdict form."

The trial judge agreed that his contact with the jury constituted error, but concluded that Kronberger was not prejudiced by the communication. In his order denying Kronberger's motion, the Judge said, "The inquiry from the jury was generally in the nature of whether, upon answering question 4 of the special verdict form, it need proceed to question 5 of the special verdict form. The affirmative response of

this Court was to allow the jury to assess whatever percentages of negligence it chose as well as damages." Kronberger appeals from the denial of a new trial and renews his challenge based on the ex parte communication.

■ The decision to grant or deny a new trial rests in the sound discretion of the trial court and will not be set aside on appeal unless there is an affirmative showing of manifest abuse of discretion. *Olmstead v. First Interstate Bank*, 449 N.W.2d 804, 807 (N.D.1989). We have defined manifest abuse of discretion as "an unreasonable, arbitrary, or unconscionable attitude on the part of the court." *Holte v. Carl Albers, Inc.*, 370 N.W.2d 520, 524 (N.D.1985).

Relying on *Ferderer v. Northern Pacific Ry. Co.*, 75 N.D. 139, 26 N.W.2d 236 (1947), Kronberger argues that the trial court's failure to follow the statutory procedure for communicating with the jury was error per se and that prejudice should be presumed. In *Ferderer*, we ordered a new trial when the non-prevailing party demonstrated from the record that the trial judge had communicated with the jury and had given additional instructions without following the statutory requirements. 26 N.W.2d at 247. We said, "the failure to comply with the provisions of a mandatory statute in a matter of such importance as instructions to the jury and communications between the trial judge and the jury constitutes error per se and must be deemed to be prejudicial either as a matter of law, or unless and until it is shown that no prejudice resulted or could have resulted from the noncompliance." *Id.* at 242. The prevailing party has the burden of showing that the error was not prejudicial, *i.e.*, was harmless. *Id.*

*Ferderer* was decided before the July 1, 1957 effective date of the North Dakota Rules of Civil Procedure and specifically,

---

**2.** Because the first affidavit from the juror went beyond the questions of extraneous communication with the jury, and described the juror's mental state during deliberations, the judge could not consider that portion of the affidavit describing the juror's "confusion." NDREv 606(b); *Keyes v. Amundson*, 343 N.W.2d 78, 84–85 (N.D.1983). The remainder of the affidavit that was proper and the other affidavits provided adequate support for Kronberger's motion for a new trial. NDRCivP 61.

the harmless-error rule embodied in Rule 61, NDRCivP. Since the adoption of Rule 61, only two North Dakota cases discuss the burden of proving that an error is prejudicial, and not harmless, and they state that, generally, the burden is on the appellant. *Allen v. Kleven*, 306 N.W.2d 629, 639 (N.D.1981); *Zimmer v. Bellon*, 153 N.W.2d 757, 760 (N.D.1967). The federal courts also place the burden of showing error and harm on the appellant. *See, e.g., Flanigan v. Burlington Northern, Inc.*, 632 F.2d 880, 889 (8th Cir.1980). However, in *Andrews v. O'Hearn*, 387 N.W.2d 716 (N.D.1986), we made it clear that while Rule 61, NDRCivP, did apply to improper communications to the jury, the burden was nonetheless on the prevailing party to prove that the error was not prejudicial. *Id.* at 724, n. 13. The *Andrews* case carefully preserves the "long-standing" rule of *Ferderer* that places the burden on the prevailing party, not on the nonprevailing party, to prove no prejudice from the improper communications. *Id.*

■ Kronberger offered proof that a written question was submitted by the jury to the judge and that the judge answered the question out of court, without notice to or the presence of counsel. Zins argues that the ex parte communication was not error because it was analogous to the instruction given in *Andrews v. O'Hearn* which we said was "proper." In that case, we found that the non-prevailing party was not harmed by the judge's repetition, without notice, of a previous, proper instruction admonishing the jury not to expose itself to material extraneous to the evidence presented in trial. 387 N.W.2d at 725. But we did not conclude that the reiterated and procedurally "proper" instruction given in violation of section 28–14–19, NDCC, was not error. The question we review here touches on the very substance of the jury's deliberations. We agree with the trial court that this communication constituted error. Kronberger, therefore, having established error, shifted the burden to Zins, the prevailing party, to demonstrate that the error was harmless. *Ferderer*, 26 N.W.2d at 243; *Andrews*, 387 N.W.2d at 724.

■ The determinative issue is, therefore, whether the trial court abused its discretion by finding in effect that Zins had met his burden of proving harmless error. Harmless error exists when the defect in the proceeding does not affect the substantial rights of the parties. NDRCivP 61. Kronberger had a right to have the jury instructed as the parties agreed or with exceptions noted to instructions with which he did not agree. NDRCivP 51. Because the judge did not call the jury into court, as required by the statute, there was no record made of the question or the court's response. The juror and the clerk of court's versions of the question put to the judge vary from the judge's own characterization of the question. The discrepancy illustrates the difficulty we face in reviewing the error acknowledged by the trial court to have been committed. Under either version, however, we view the jury's question and the trial judge's response as bearing on the law of the case and the jury's application of that law in reaching its verdict. We cannot say that this ex parte communication did not harm Kronberger's substantial rights.

Zins argues that the communication was harmless error under the rule of *Andrews v. O'Hearn*, 387 N.W.2d 716. In *Andrews*, we acknowledged two circumstances where communications between the judge and the jury that do not follow the procedure in section 28–14–19, NDCC, are harmless error. When the trial court merely reiterates a proper instruction, or gives an instruction administrative in nature, the prevailing party may overcome the presumption of harm that attaches to ex parte communications. 387 N.W.2d at 725. An administrative instruction is one that goes to the mechanics or process of jury deliberations, as for example, the jury's inability to use a dictionary or whether the jury's verdict must be rendered in writing. In this case, the question and answer concern neither a reiteration of a previously given instruction nor an instruction which is merely administrative. Instead, the question and answer go directly to the jury's consideration of the merits. Under the circumstances, Zins

did not overcome the presumption of harm and the trial court abused its discretion in denying a new trial. We, therefore, reverse and grant Kronberger a new trial.

Because Kronberger did not appeal from that portion of the judgment dismissing Arnold and Carolyn Zins, only Dustin Zins remains as a party defendant.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.