2004 ND 96

**Lisa HALEY, Plaintiff and Appellant**

v.

**Martin DENNIS, M.D., and Trinity Hospital, Defendants and Appellees.**

**No. 20030284.**

Supreme Court of North Dakota.

May 5, 2004.

Ronald G. Schmidt (argued), Schmidt, Schroyer, Moreno & Lee, P.C., Rapid City, S.D. and Jack McDonald (appeared), Wheeler Wolf, Bismarck, N.D., for plaintiff and appellant.

Randall S. Hanson (argued), Patrick J. Maddock (appeared) and Jodi Nelson Meyer (appeared), Camrud, Maddock, Olson & Larson, Ltd., Grand Forks, N.D., for defendants and appellees.

MARING, Justice.

[¶ 1] Lisa Haley appealed from an amended judgment dismissing her medical malpractice action against Dr. Martin Dennis and Trinity Hospital ("Trinity"). We reverse and remand for a new trial.

I

[¶ 2] Lisa Haley was pregnant in late 1999 and had been receiving medical care from her regular obstetrician. In December 1999, Haley's obstetrician informed her that she had miscarried. On January 9, 2000, Haley experienced severe abdominal pain and her husband took her to the emergency room at Trinity Hospital in Minot. Haley was treated in the emergency room by Dr. Dennis, the obstetrician on call. When diagnostic tests showed Haley had a ruptured ectopic pregnancy, Dr. Dennis performed emergency surgery to repair the ruptured fallopian tube and stop the bleeding.

[¶ 3] Haley subsequently brought this medical malpractice action against Dr. Dennis and Trinity, alleging negligence, lack of informed consent, deceit, bad faith, and battery. The trial court granted partial summary judgment dismissing the informed consent and deceit claims, and the remaining claims were tried to a jury.

[¶ 4] After both sides had rested and the jury began its deliberations, the trial court allowed Haley's attorney to leave Minot to attend to other business. Haley's attorney requested that the court call him

on his cell phone if there were any jury questions. During deliberations the jury submitted two written questions to the court. The first question from the jury related to the first question on the special verdict form, which asked whether Dr. Dennis was negligent in treating Haley:

Is answering No to #1 releasing him from all negligiance [sic]? How do we answer if we feel part was negligant [sic] (surgery/discharge) the other not.

The trial court, without contacting or consulting with the parties or their attorneys, answered the jury in writing: "Read carefully the Verdict Forms and related instructions."

[¶ 5] The second question from the jury stated:

Is there an exhibit—what book? Is there any reference to the perscription [sic] being called in to Kenmare Carlson Drug Store?

By Who—

When—

The trial court, again without contacting the parties or counsel, answered in writing: "You must rely on your recollection."

[¶ 6] The jury continued deliberations, ultimately returning a verdict. The jury answered the questions on the special verdict form as follows:

1. Was Dr. Martin Dennis negligent in providing medical/surgical care and treatment to Plaintiff Lisa Haley?

ANSWER: _____ Yes __✓__ No

If you answered Question 1 "No", go to Question 3. If you answered Question 1 "Yes", then answer Question 2.

2. Did the negligence of Dr. Martin Dennis proximately cause damage or injury to Plaintiff Lisa Haley?

ANSWER: _____ Yes _____ No

If you answered Question 2 "Yes", go to Question 3.

3. Taking all of the fault attributable to causing Plaintiff Lisa Haley's injuries as 100%, please determine the proportionate percentage of fault, if any, attributable to each person below:

Dr. Martin Dennis __10__

Lisa Haley __90__

TOTAL 100%

4. What amount of money will fairly compensate the Plaintiff Lisa Haley for all damages reasonably certain to occur as defined in these instructions:

a. Past Economic Damages $__12,-000.00__

b. Past Non–Economic Damages $___0___

c. Future Economic Damages $___0___

d. Future Non–Economic Damages $___0___

5. Should the Plaintiff Lisa Haley be awarded interest on the damages?

ANSWER: __✓__ Yes _____ No

If you answered Question 5 "No", please sign and return this verdict. If you answered question 5 "yes", then answer Question 6.

6. What rate of interest should be used—not to exceed a maximum rate of 6%?

ANSWER: __3__%

The trial court did not contact Haley's attorney to advise him the jury had reached a verdict, and the verdict was accepted by the court without affording Haley's counsel an opportunity to question the verdict.

[¶ 7] Haley moved for a new trial, arguing that the jury's verdict was inconsistent and in disregard of the instructions and that the trial court's communications with the jury without notice to the parties

or counsel constituted an irregularity in the proceedings warranting a new trial. The trial court denied the motion for a new trial and entered judgment dismissing Haley's claims and awarding Dr. Dennis and Trinity costs and disbursements. Haley has appealed.

## II

[¶ 8] Haley contends that the jury's verdict was inconsistent and irreconcilable, that the trial court erred in answering jury questions without first notifying and consulting with counsel, and that the trial court therefore abused its discretion when it denied her motion for a new trial.

[¶ 9] The jury's verdict is, on its face, inconsistent and irreconcilable. The jury first found that Dr. Dennis was not negligent, but nevertheless assigned a percentage of fault to Dr. Dennis for Haley's injuries and awarded damages plus interest. We recently addressed an identical issue in *Moszer v. Witt*, 2001 ND 30, 622 N.W.2d 223. Moszer had sued Witt for damages arising out of a car accident. The jury returned a special verdict finding Witt was not negligent and was not a proximate cause of the accident, but apportioning fault for the accident 25 percent to Witt and 75 percent to Moszer. The trial judge discussed the situation with the jury in open court, and the jury returned to deliberate further. They returned with a verdict finding Witt was not negligent, but that he was a proximate cause of the accident, and again apportioning 25 percent fault for the accident to Witt. After additional discussion with the trial court, the jury returned a third verdict which found that Witt was negligent but was not a proximate cause of the accident, and again assessed 25 percent fault to Witt. After further discussion, the trial court entered judgment dismissing Moszer's claims

against Witt because Moszer's fault exceeded Witt's. *See id.* at ¶ 9.

[¶ 10] In order to impose liability for negligence, the jury must find both a negligent act and proximate cause. *Moszer*, 2001 ND 30, ¶ 13, 622 N.W.2d 223. We held that a jury verdict which assesses fault to a person after finding the person was either not negligent or the person's negligence was not a proximate cause is an inconsistent and perverse verdict requiring a new trial:

> While the jury never wavered from assessing on the special verdict form 75 percent of the fault to Moszer and 25 percent of the fault to Witt, the jury never simultaneously found Witt's conduct to constitute both negligence and a proximate cause of the accident. . . . The jury's answers to the special verdict clearly demonstrate they did not understand or correctly apply the law as given to them in the case, and their confusion was not resolved during the jury's communications with the court.

> A jury verdict which assesses fault to a person after finding the person's negligence was not a proximate cause is a "clearly inconsistent and perverse" verdict. *Westfall by Terwilliger v. Kottke*, 110 Wis.2d 86, 328 N.W.2d 481, 485 (1983). The jury clearly never understood in this case that to assess fault against a person who has been charged with negligent operation of a motor vehicle, the jury must find both that the person's conduct was negligent and that it was a proximate cause of the accident. We conclude the trial court's refusal to vacate the verdict and grant a new trial under N.D.R.Civ.P. 59(g) constituted a manifest abuse of discretion.

*Moszer*, at ¶¶ 14–15.

[¶ 11] Similarly, the jury in this case assessed fault to Dr. Dennis even though it specifically found he was not negligent and

did not answer the special verdict question asking whether Dr. Dennis's negligence was a proximate cause of Haley's damage or injuries. The jury's error, however, was created by the special verdict form, which directed in Question 1 that, if the jury found that Dr. Dennis was not negligent, the jury should go on to Question 3 and assess fault between the parties. The jury did precisely that, resulting in an inconsistent and perverse verdict.

[¶ 12] The inconsistent verdict in this case is exacerbated by the trial court's handling of the questions from the jury. Section 28–14–19, N.D.C.C., specifies the procedure to be followed when the jury during deliberations requests clarification of the law:

Additional information as to law. After the jurors have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed of any point of law arising in the case, they may require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of or after notice to the parties or counsel.

[¶ 13] The appropriate procedure in such cases was set out in *Cendak Agri–Service, Inc. v. Hausman*, 275 N.W.2d 326, 331 (N.D.1979):

[T]here is value in having the jury returned to the courtroom if the members have questions which they wish to submit to the court, and that this be done in the presence of counsel and the parties and upon the record, at which time counsel may, in chambers if the court deems it appropriate, present their views as to the appropriate answer or response to be given by the court to the questions, and object to responses which they believe to be inappropriate.

In *Kronberger v. Zins*, 463 N.W.2d 656, 658–59 (N.D.1990), this Court clarified that N.D.C.C. § 28–14–19 is mandatory and that, once the nonprevailing party establishes that the procedure required by N.D.C.C. § 28–14–19 was not followed, prejudice is presumed and the burden shifts to the prevailing party to demonstrate that the error was harmless.

[¶ 14] Dr. Dennis and Trinity argue that the failure to follow N.D.C.C. § 28–14–19 was harmless under *Andrews v. O'Hearn*, 387 N.W.2d 716 (N.D.1986), because the trial court's answers were administrative in nature. In *Andrews*, the jury foreman during deliberations requested a dictionary be provided to the jury. The bailiff told the foreman the request would have to be given to the judge in writing and the attorneys would be brought in. The foreman then told the bailiff to "forget about it." The bailiff told the judge about the incident, and at the end of that day's deliberations, the judge instructed the jurors not to use any extraneous evidence, including dictionaries or encyclopedias, when they went home. This Court concluded the instruction was merely a recitation of a prior instruction and administrative in nature, and that the failure to follow N.D.C.C. § 28–14–19 was harmless. *Andrews*, at 725–26; *see also Kronberger*, 463 N.W.2d at 659.

[¶ 15] In *Kronberger*, the jury sent a note to the judge asking if they were to award damages if the plaintiff and defendant were each 50 percent at fault. The trial court, without notifying the parties or counsel, answered in writing, "yes." In concluding the trial court abused its discretion in denying a motion for a new trial, this Court applied *Andrews*, noting that the trial court should consider the nature of both the question and the answer in determining whether the ex parte commu-

nication between the judge and jury was administrative:

> [W]e view the jury's question and the trial judge's response as bearing on the law of the case and the jury's application of that law in reaching its verdict. We cannot say that this ex parte communication did not harm Kronberger's substantial rights.

Zins argues that the communication was harmless error under the rule of *Andrews v. O'Hearn*, 387 N.W.2d 716. In *Andrews*, we acknowledged two circumstances where communications between the judge and the jury that do not follow the procedure in section 28–14–19, N.D.C.C., are harmless error. When the trial court merely reiterates a proper instruction, or gives an instruction administrative in nature, the prevailing party may overcome the presumption of harm that attaches to ex parte communications. 387 N.W.2d at 725. An administrative instruction is one that goes to the mechanics or process of jury deliberations, as for example, the jury's inability to use a dictionary or whether the jury's verdict must be rendered in writing. In this case, the question and answer concern neither a reiteration of a previously given instruction nor an instruction which is merely administrative. Instead, the question and answer go directly to the jury's consideration of the merits. Under the circumstances, Zins did not overcome the presumption of harm and the trial court abused its discretion in denying a new trial. We, therefore, reverse and grant Kronberger a new trial.

*Kronberger*, at 659–70; *see also Moszer*, 2001 ND 30, ¶ 17, 622 N.W.2d 223.

■ [¶ 16] We are primarily concerned here with the jury's first question, which asked whether answering Question 1 would release Dr. Dennis from all negligence and questioning how they should answer if part of Dr. Dennis's treatment was negligent and part was not. This question goes directly to a substantive question of law on the merits, not merely to the mechanics or process of jury deliberations, and triggered application of N.D.C.C. § 28–14–19. When the jury requests clarification or additional instruction on a substantive point of law, the court must notify the parties or counsel before responding to the jury's request.

[¶ 17] In addition to failing to follow the mandates of N.D.C.C. § 28–14–19 by not bringing the jury into court and not notifying the parties and counsel, the trial court exacerbated the error by answering the jury's request for guidance with a direction they consult the ill-conceived special verdict form, which invited the jury to assess fault to Dr. Dennis even if it found he was not negligent. The trial court's failure to follow the dictates of N.D.C.C. § 28–14–19 contributed to the jury ultimately returning an inconsistent and irreconcilable verdict.

[¶ 18] We conclude that the question and answer were not merely administrative in nature, and Dr. Dennis and Trinity failed to meet their burden of showing the error was harmless. Accordingly, the trial court abused its discretion in denying Haley's motion for a new trial.

### III

■ [¶ 19] Haley contends the trial court erred in granting partial summary judgment dismissing her deceit claims against Dr. Dennis and Trinity. We have previously said "a party waives an issue by not providing supporting argument," and "without supportive reasoning or citations to relevant authorities, an argument is without merit." *Kautzman v. Kautzman*, 2003 ND 140, ¶ 15, 668 N.W.2d 59 (quoting *Olander Contracting Co. v. Gail Wachter*

*Invs.*, 2002 ND 65, ¶ 27, 643 N.W.2d 29). Haley has not provided persuasive reasoning or citations to relevant authorities, and her conclusory arguments are without merit.

### IV

[¶ 20]   We have considered the remaining issues and arguments raised by the parties and find they are either without merit or are unnecessary to our decision. The amended judgment and the order denying Haley's motion for a new trial are reversed and the case is remanded for a new trial on the negligence claim.

[¶ 21] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.