2004 ND 129

**James E. TIBBETTS, Jr., Plaintiff and Appellee**

v.

**Marybeth DORNHEIM formerly known as Marybeth Dornheim Tibbetts, Defendant and Appellant.**

**No. 20030267.**

Supreme Court of North Dakota.

June 30, 2004.

Ronald I. Galstad (argued) and Patti J. Jensen, Galstad, Jensen & McCann, PA, East Grand Forks, MN, for plaintiff and appellee.

Steven Kraft (argued) and Patrick R. Morley, Morley Law Firm, Ltd., Grand Forks, N.D., for defendant and appellant.

NEUMANN, Justice.

[¶ 1] Marybeth Dornheim ("Dornheim") appealed from a district court order "signed by the Honorable Karen Bra[a]ten denying her motion to modify the visitation provisions of a final divorce Judgment and

from all interim Orders signed by the Honorable Deborah Kleven during the pendency" of the proceedings. We affirm.

## I

[¶ 2] James E. Tibbetts, Jr., ("Tibbetts") sued Dornheim for a divorce in 1998. A judgment entered on December 10, 1998, granted Tibbetts a divorce and awarded him the marital home, while reserving for later decision the matters of "distribution of personal property, division of debts, child custody and visitation, and child support." An amended judgment was filed on January 27, 2000. It (1) granted physical custody of the parties' two children to Dornheim; (2) granted specified visitation rights to Tibbetts; (3) fixed Tibbetts' child support obligation at $667 per month "until the child attains the age of eighteen (18) years or ... until the child's graduation from high school;" (4) fixed the parties' responsibilities for the children's dental and orthodontic care; and (5) divided the parties' marital property. A second amended judgment with no substantial changes relevant to this appeal was filed on February 3, 2000. A third amended judgment was filed on August 16, 2001. It changed Tibbetts' child support obligation to $808 per month.

[¶ 3] Dornheim moved for appointment of a guardian ad litem on September 27, 2001. A hearing on the appointment of a guardian ad litem was held on October 17, 2001. On November 1, 2001, the court (Judge Kleven) issued an order appointing a guardian ad litem.

[¶ 4] On August 15, 2002, Tibbetts filed a motion to amend the third amended judgment to modify his child support obligation because the parties' oldest child had turned 18 and had graduated from high school. On September 25, 2002, the court issued an order reducing Tibbetts' child support obligation to $524 per month,

based on Tibbetts' affidavit and tax return. That order was reflected in a fourth amended judgment filed on October 28, 2002.

[¶ 5] On April 1, 2003, the State filed a deprivation petition in Juvenile Court, alleging the child was deprived under N.D.C.C. § 27–20–02(8)(a) because of parental alienation and exposure to adult conflicts from the parents' divorce. On April 25, 2003, Dornheim filed a motion to modify the fourth amended judgment with respect to visitation and to implement the recommendations of a custody investigator. On April 28, 2003, Dornheim notified Tibbetts that a hearing on her motion would be held on May 12, 2003. On April 29, 2003, the court, Judge Braaten, issued an order providing, in part:

> IT IS HEREBY ORDERED that hearing on the defendant's Motion To Modify Visitation be stayed pending completion of the deprivation petition which is pending in Juvenile Court of Grand Forks County. The hearing on the motion scheduled by the defendant's attorney to take place May 12, 2003 at 2:30 p.m. is hereby canceled and may be rescheduled once proceedings in the deprivation petition have been completed.

On August 13, 2003, the court, Judge Braaten, issued an order denying Dornheim's April 25, 2003, motion to modify visitation and implement the recommendations of a custody investigator. The court noted the issues raised in the motion were covered in a Juvenile Court order giving custody of the parties' youngest child to the North Dakota Department of Human Services "with [the child] remaining in his mother's home subject to specific visitation rights by his father."

[¶ 6] Dornheim filed a notice of appeal from Judge Braaten's order denying her motion to modify the visitation provisions

of the divorce judgment and from all interim orders signed by Judge Kleven.

## II

[¶ 7] Dornheim raised a number of issues on appeal. Rather than presenting arguments on each of the individual issues raised, Dornheim has presented them in groups denominated as "POINT 1" and POINT 2."

[¶ 8] Under "POINT I," Dornheim argues, with regard to a hearing held on October 17, 2001:(1) the court should not have taken any testimony at the hearing, and should not thereafter have appointed a guardian at litem;[1] (2) the court should not have made some of the statements it made at the hearing; (3) the court should not have taken judicial notice of other files at the hearing, and should not have made those files available to the guardian ad litem and a court-appointed psychologist; (4) the court erred in not permitting a witness at the hearing to correct evidence attributed to him in files of which the court took judicial notice; (5) the court erred in not sequestering witnesses at the hearing; (6) the court improperly delegated "its authority over domestic violence allegations to social services;" and (7) the court made statements that were not supported by evidence. Dornheim concluded her argument under "POINT I": "WHEREFORE, the order appointing a guardian ad litem together with all the interim orders resulting from motions made by the guardian ad litem should be vacated."

[¶ 9] Under "POINT 2," Dornheim argues: (1) the court should have held a hearing before granting Tibbetts' August 15, 2002, motion to modify his child support obligation;[2] (2) the court should have held a hearing on Dornheim's motion to modify the visitation provisions of the fourth amended judgment, and the court erred in canceling the scheduled hearing; and (3) "[i]t was also an error because it improperly mixed the 'divorce' action with a deprivation action." Dornheim concluded her argument under "POINT 2": "WHEREFORE, the Orders granting a reduction in child support and canceling a hearing on modification of the visitation provisions of the divorce judgment should be reversed and remanded for hearings on those issues."

## III

[¶ 10] A judgment is appealable under N.D.C.C. § 28-27-01. Certain orders may be carried to this Court under N.D.C.C. § 28-27-02. None of the interlocutory orders or rulings Dornheim complained of in "POINT I" of her argument in this appeal or with regard to Tibbetts' August 15, 2002, motion to modify his child support obligation, complained of in "POINT 2," fall within the ambit of either N.D.C.C. § 28-27-01 or N.D.C.C. § 28-27-02. Thus, those matters are not independently appealable, and the appeal of those matters is dismissed.

[¶ 11] Generally, interlocutory orders in an action are merged into the final judgment and may be reviewed on appeal of that judgment. *Berg v. Dakota Boys Ranch Ass'n*, 2001 ND 122, ¶ 10, 629 N.W.2d 563. Rule 35(a)(2), N.D.R.App.P.,

---

1. The October 17, 2001, hearing was on Dornheim's application for a protection order and on a motion for appointment of a guardian ad litem. The court appointed a guardian ad litem on November 1, 2001.

2. In its September 25, 2002, order granting Tibbetts' August 15, 2002, motion to modify his child support obligation and reducing the obligation to $524 per month, the court noted "the only evidence before the Court as to Plaintiff's earnings is his 2001 income tax return."

authorizes review of some orders that are not independently appealable:

> Upon an appeal from a judgment, the court may review any intermediate order or ruling which involves the merits and affects the judgment appearing upon the record.

" 'In fact, most intermediate orders which are non-appealable may be reviewed as an incident to or a part of the final action of the court.' " *Berg,* at ¶ 6 (quoting *Stormon v. Dist. Court of Pierce County,* 76 N.D. 713, 718, 38 N.W.2d 785, 787 (1949)). All of the issues between parties are merged in the final judgment. *Cokins v. Frandsen,* 136 N.W.2d 377, 380 (N.D. 1965). Any of the intermediate rulings and orders specifically challenged by Dornheim on appeal that occurred before entry of the fourth amended judgment, involved the merits, and affected the judgment, might have been reviewable under N.D.R.App.P. 35(a)(2) upon a timely appeal from the fourth amended judgment. The time for appealing the fourth amended judgment, which was filed on October 28, 2002, expired without an appeal, and intermediate orders and rulings preceding entry of the fourth amended judgment may not now be reviewed.

## IV

[¶ 12] Dornheim asserted in her conclusion to the arguments she presented in "POINT I," that "all the interim orders resulting from motions made by the guardian ad litem should be vacated." On April 15, 2003, the court, Judge Kleven, issued an order that, among other things, ordered a referral to Family Court and terminated the appointments of a custody investigator and the guardian ad litem. "We have previously said 'a party waives an issue by not providing supporting argument,' and 'without supportive reasoning or citations to relevant authorities, an argument is without merit.' " *Haley v. Dennis,* 2004

ND 96, ¶ 19, 679 N.W.2d 263 (quoting *Kautzman v. Kautzman,* 2003 ND 140, ¶ 15, 668 N.W.2d 59 (quoting *Olander Contracting Co. v. Gail Wachter Invs.,* 2002 ND 65, ¶ 27, 643 N.W.2d 29)). On this issue, Dornheim has provided neither supportive reasoning nor citations to relevant authorities, and her argument is, therefore, without merit.

[¶ 13] The only other issue not precluded by allowing the time for appealing the fourth amended judgment to pass without appealing the judgment is the issue Dornheim has raised in this appeal from the court's August 23, 2003, order denying Dornheim's motion to modify the visitation provisions of the fourth amended judgment. The court canceled a scheduled hearing on the motion and ordered the hearing stayed until resolution of a pending deprivation proceeding. When the deprivation proceeding was adjudicated, the court ruled that "the ruling and order of the Court in the Juvenile Court proceedings covers the issues raised by the defendant's Motion To Modify Visitation," and denied Dornheim's motion. Dornheim contends the court erred in canceling the hearing because she had established a prima facie case, and "because it improperly mixed the 'divorce' action with a deprivation action."

[¶ 14] The record reflects that the visitation proceedings and the adjudication of the deprivation proceedings were conducted separately. The record also reflects that the order in the deprivation proceedings addressed, for practical purposes, the issues raised in defendant's motion to modify visitation. A court does not operate in a vacuum. *Minar v. Minar,* 2001 ND 74, ¶ 20, 625 N.W.2d 518; *Ohio Cas. Ins. Co. v. Clark,* 1998 ND 153, ¶ 8, 583 N.W.2d 377. From the arguments presented, we are unable to conclude either that the trial

court improperly mixed the visitation proceedings in the parties' divorce action with the deprivation proceeding, or that it erred in canceling the scheduled hearing on Dornheim's visitation motion until resolution of the deprivation proceedings.

V

[¶ 15] The appeal of rulings and orders issued before entry of the fourth amended judgment is dismissed. The other orders appealed from are affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.